## DIXON *vs.* WILLIAMS.

1. Claimant had no right to move to dismiss the foreclosure proceeding. It was a matter that did not concern him, whether the execution was legal or illegal as between the plaintiff and defendant in the execution.

2. There was sufficient evidence to authorize the verdict that the property belonged to the defendant in execution.

3. The necessary allegations were made in the affidavit to foreclose the lien. It did not seek to foreclose in a summary manner against land, but against the property of the defendant; and the execution was levied upon personal property. The fact that the clerk, in issuing the execution, inserted therein "lands and tenements," did not vitiate it. It was good at least as against the personal property. *Snow vs. Council,* 65 *Ga.* 123, distinguished.

March 1, 1889.

Claims. Liens. Foreclosure. Executions. Practice. Before Judge HANSELL. Brooks superior court. May term, 1888.

Before the ordinary of Brooks county, on August 14th, 1885, C. N. Williams made affidavit that G. G. Potter, of said county, was indebted to him $328.53 principal, and $9.58 interest,

"for manual labor performed by said Williams and his minor son, Alonzo Williams, who is a minor, and worked for said Potter by consent of his father, but his said father, C. N. Williams, was to receive the pay for his said son. Said C. N. Williams avers that he and his said son worked for said G. G. Potter, as laborers, in and about a factory run by said Potter in Brooks county, Ga.; that of the $328.53 due said Williams for said labor, the sum of $253.53 is due for affiant's own labor in and about said factory, and the sum of $75 is due affiant for the labor of affiant's said son in and about said factory. Affiant avers that, as such laborers, he and his said son faithfully performed and completed his contract of labor with said Potter; that since said sum became due, he demanded payment of same of said Potter, who refused to pay said debt, and still refuses to pay the same. Affiant further avers that he makes this affidavit within twelve months of the time said sum of money became due, and for the purpose of foreclosing his laborer's general lien upon the property of said G. G. Potter, now in said county of Brooks."

This affidavit was filed in the office of the superior court clerk upon the day it was made, and upon the same day the clerk issued execution upon it against "the goods and chattels, lands and tenements of G. G. Potter," for the full sum of principal and interest claimed, and also for costs, "which amounts C. N. Williams has this day recovered against said G. G. Potter by a foreclosure of a laborer's lien for principal, interest and costs"; the execution being made returnable to the ensuing term of the superior court of said county. Upon the same day, this execution was levied upon certain machinery, waste and other personalty.

Potter made defence to this foreclosure, denying the indebtedness, denying that plaintiff was a laborer, denying that he ever made any contract for the labor of Alonzo Williams, and denying that any demand for the payment of the debt was ever made upon him. The issue thus made was found against him.

W. N. Dixon then interposed a claim to the property levied on; and upon the trial of the case thus made, he moved to dismiss the affidavit, execution and levy, for the following reasons:

(1) Because the proceeding was not in conformity with the law authorizing the enforcement of liens, but was informal and illegal.

(2) Because plaintiff sought to recover for the labor of his son, a minor.

(3) Because of a misjoinder in proceeding for the recovery for his own labor as well as for his son's.

(4) Because there was no allegation setting forth the terms of the contract, as required by law.

(5) Because, in making the usual oath for the enforcement of his liens against personalty, he further claims in his affidavit that his lien extended to all the property of defendant in the county of Brooks.

(6) Because the execution did not follow the affidavit.

(7) Because the execution was illegal in being directed against the goods and chattels of the defendant, and his lands and tenements as well.

This motion was overruled. Plaintiff tendered in evidence the verdict of foreclosure, the execution and the levy, which were admitted by the court over the objections of claimant for the reasons set forth in his motion to dismiss. The plaintiff introduced oral testimony tending to show that the property levied upon was, at the time of the levy, in the possession of Potter, and that it was Potter's property. No evidence seems to have been introduced by claimant. The property having been found subject, he moved for a new trial, which was granted, unless plaintiff should deduct from the verdict his claim for the services of his son, and write off the same. This was done, and the claimant excepted on the ground that a new trial should have been granted unconditionally.

JOHN G. McCALL and DAN. W. ROUNTREE, by brief, for plaintiff in error.

W. B. BENNET, J. W. BENNET and E. P. S. DENMARK, by brief, contra.

SIMMONS, Justice.

It appears from the record in this case that Williams foreclosed his laborer's lien against Potter and had the same levied on certain personal property. Potter made defence to the foreclosure and denied the indebtedness, and denied that the plaintiff was a laborer, and also denied that any demand for the payment of the debt was ever made upon him. Upon this issue the jury found against him. Dixon interposed a claim to the property

levied upon.  On the trial of the claim case, the claimant moved to dismiss the affidavit, execution and levy upon the grounds set forth in the report of this case. This motion was overruled by the court.  The plaintiff then tendered in evidence the affidavit of foreclosure, the execution and the levy.  The claimant objected thereto on the same grounds·that he had before made in his motion to dismiss and quash the execution.  This objection was overruled.  The plaintiff introduced oral evidence to show that the property levied upon was, at the time of the levy, in possession of Potter, and that it was Potter's property.  The claimant introduced no evidence.  The jury found the property subject, and the claimant moved for a new trial, upon the following grounds :   (1) error in refusing to dismiss the foreclosure proceedings ; (2) because the verdict was contrary to law and to the evidence ; (3) error in admitting in evidence the affidavit, execution and levy.  The court overruled the motion, and the claimant excepted.

1. There was no error in overruling the motion, on any of the grounds taken therein.  The claimant had no right to move to dismiss the foreclosure proceedings. It was a matter that did not concern him whether the execution was legal or illegal, as between the plaintiff and the defendant in the execution.  The only proper motion for him to have made at that stage of the trial, would have been to·dismiss the levy.  If the court had granted his motion, it would have relieved his property (if it was his) from the execution.  *Gazan vs. Royce & Co.* 78 *Ga.*, 512, and cases cited.

2. There was no error in overruling the motion upon the second ground.  There was sufficient evidence to authorize the finding of the jury that the property belonged to Potter, the defendant in execution.  The

claimant failed to introduce any evidence whatever denying that it was Potter's property.

3. Nor was there any error in overruling the motion upon the third ground taken therein. In our opinion, all the necessary allegations were made in the affidavit to foreclose the lien. It did not seek to foreclose the lien in a summary manner against land, but against the property of the defendant, and the execution was levied upon personal property. In the case of *Snow vs. Council*, 65 *Ga.* 123, relied on by counsel for the plaintiff in error, the laborer sought to foreclose not only upon the personal property, but upon land also, and the court dismissed the proceeding, holding that a laborer could not foreclose his lien in a summary manner upon land. If that case is well decided, it differs from this as above mentioned. The fact that the clerk, in issuing the execution, inserted therein "lands and tenements," did not vitiate the execution. It was good at least against the personal property. *Mitchell vs. Printup*, 19 *Ga.* 579; *Skipper vs. Chess-Carley Co.*, 76 *Ga.* 752.

Judgment affirmed.