## MOULTRIE LUMBER COMPANY *v.* JENKINS.

1. An execution issued on the foreclosure of a laborer's lien operates as final process until arrested by a valid counter-affidavit.
2. Where a client made the counter-affidavit before a notary public who as attorney at law was representing him in resisting the collection of the fi. fa., the affidavit was void. 37 *Ga.* 681; Civil Code, § 4417.
3. Such counter-affidavit did not operate to convert the execution into mesne process returnable to court; there was no suit pending, nothing to amend; and the judge properly refused to consider the question as to the sufficiency of the levy.
4. There was no error in dismissing the proceeding.

Argued December 16, 1904. — Decided January 27, 1905.

Foreclosure of lien. Before Judge Humphreys. City court of Moultrie. May 24, 1904.

Jenkins made his affidavit to foreclose a laborer's lien under the Civil Code, § 2816, for $290.96, against the Moultrie Lumber Company, claiming a lien upon all the personal property of the defendant, and particularly upon certain lumber and shingles therein described. Execution issued, and a levy was made on March 25, 1904. On March 30, 1904, a member of the defendant firm made a counter-affidavit denying that the defendant was indebted to the plaintiff in any sum whatever. This affidavit was sworn to before Y. L. Watson, N. P., C. C. Ga. It does not appear where the affidavit was made, the caption simply stating the case with the court to which it was returned. On the call of the case the defendant moved to dismiss the levy, on the ground that some of the property was in Mitchell county and some in Worth county, and the return did not show that the sheriff of Mitchell county had levied on that which was only in Mitchell county. The plaintiff contended that the counter-affidavit was void, because sworn to and subscribed before Y. L. Watson, of counsel for the defendant, he being then and there attorney for the Moultrie Lumber Company. Thereupon the defendant offered in open

court to have the affiant, who was then present in court, again swear to the same before a competent officer. This motion was denied by the court, and the counter-affidavit was dismissed on the ground that the same was void and not amendable. To this ruling the defendant excepted.

*Bryan & Watson*, by *Z. D. Harrison*, for plaintiff in error.
*J. H. Powell, E. M. Davis*, and *R. J. Bacon Jr.*, contra.

LAMAR, J. (After stating the facts.) Where a laborer's lien has been foreclosed under the Civil Code, § 2816, the execution issued thereon operates as final process. The office of the counter-affidavit is to convert this final process into mesne process and raise an issue which must there be passed upon by the proper tribunal. But until there is such an affidavit there is no case, nothing to be returned to a court, no pleading to be amended, and no issue to be tried. If, therefore, the counter-affidavit was void, the defendant was not in a position, on this hearing, to have a ruling as to the validity of the foreclosure or levy. The Civil Code, § 4417, expressly declares that "attorneys can not take affidavits required of their clients, unless specially permitted by law." The word "take" in this section was construed, in *Wilkowski* v. *Halle*, 37 *Ga.* 681, to mean that he can not administer an oath to his client. The affidavit, being one which counsel was prohibited from certifying, was void. It should not have been received by the levying officer. It was ineffective to arrest the levy or to convert the final process into mesne process. There was nothing in court by which to amend. The case was properly dismissed.

*Judgment affirmed. All the Justices concur.*