### 1893.  GIDDENS *v.* GASKINS.

HILL, C. J. A laborer's special lien on personalty was foreclosed in the city court of Nashville under §2816 of the Civil Code, and the execution issued thereon was levied upon the defendant's property described in the affidavit of foreclosure. The defendant replevied the property, but did not make and file the counter-affidavit provided for by paragraph 6 of the above section of the Civil Code. At the next term of the city court succeeding the foreclosure proceedings and the filing of the replevy bond, a judgment was rendered against the defendant and his surety on the bond. The execution was levied upon property of the surety, and he filed an affidavit of illegality, attacking the validity of the foreclosure proceedings, on the grounds that the giving of the replevy bond converted those proceedings into mesne process; that the suit was prematurely returned to a term of the court which convened less than fifteen days after the foreclosure proceedings; and that he had no notice of the pendency thereof before judgment was entered against him on the replevy bond. *Held:* (1) The giving of the replevy bond did not convert the foreclosure proceedings into mesne process. It required the counter-affidavit to do this; and until such counter-affidavit was made

and filed, there was no suit or case to return to the court, and no issue to be tried, the execution issued on the foreclosure of the lien being final process. *Moultrie Lumber Co.* v. *Jenkins*, 121 *Ga.* 721 (40 S. E. 678). (2) In the absence of the counter-affidavit, the plaintiff was authorized, under section 2817 of the Civil Code, to enter up judgment on the replevy bond, against the defendant and his surety, in the same manner as in cases of appeal. (3) The foreclosure proceedings were not invalid for any of the particular reasons set forth in the affidavit of illegality, and the court did not err in dismissing the illegality.

*Judgment affirmed.*

Illegality; from city court of Douglas—Judge Roan.    May 7, 1909.

Submitted June 28,—Decided December 24, 1909.

*Hendricks & Christian,* for plaintiff in error.

*J. P. Knight,* contra.