9139. TIPTON *et al.: v.* CONRAD & LEE.

The Civil Code (1910), § 3367, provides that "in all foreclosures of liens on personalty, in which the property levied on is replevied, and in which verdicts shall be found for the plaintiff, the plaintiffs shall enter up judgments against the defendants and their securities in the same manner, and to the effect, as in cases of appeal." In the absence of a counter-affidavit, the plaintiffs in this case were authorized, under the foregoing code-section, to enter up judgment on the replevy bond, against the defendant and his surety, in the same manner as in cases of appeal. *Giddens* v. *Gaskins*, 7 *Ga. App.* 221 (66 S. E. 560). See also *Argo* v. *Fields*, 112 *Ga.* 677 (37 S. E. 995). The court did not err in sustaining the demurrer to the motion to vacate the judgment, and the judge of the superior court did not err in overruling the certiorari.

DECIDED JANUARY 21, 1918.

Certiorari; from Bibb superior court—Judge Mathews. July 5, 1917.

*C. H. Garrett,* for plaintiffs in error.

*Moore & Turpin,* contra.

HARWELL, J. On October 23, 1916, Conrad & Lee foreclosed their lien as mechanics upon a certain automobile of E. W. Tipton in the municipal court of the City of Macon, and on the day following Tipton replevied the automobile by giving a bond, with Spier as surety, conditioned to pay to said Conrad & Lee the amount of the judgment that might be rendered against him in said case. Tipton did not file a counter-affidavit to the lien foreclosure. The case was marked in default by the judge of the trial court, at the next term, and Conrad & Lee thereupon entered up judgment against Tipton and the surety on his bond, for the amount claimed in the lien foreclosure. Tipton and his surety then made a written motion to vacate this judgment, and a rule nisi was served upon Conrad & Lee, requiring them to show why the judgment should not be set aside. Conrad & Lee demurred generally to the motion. The grounds of the motion are: " (1)

Because it takes a valid counter-affidavit to convert a lien-foreclosure execution into mesne process, and no counter-affidavit whatever had been filed in said case when said judgment was taken. (2) That at the time said judgment was taken, there was no suit in court, no issue to be tried, and no pleading which authorized any judgment against petitioners or either of them. (3) Because the court, under the circumstances hereinbefore recited, was without jurisdiction to enter any general judgment against petitioners or either of them in said case at the time the said judgment was entered." The court sustained the general demurrer and overruled the motion to vacate the judgment. Tipton and his surety sued out a writ of certiorari, the judge of the superior court overruled the certiorari, and the case came to this court upon exceptions to this ruling.

It is not necessary to elaborate the ruling announced in the headnote.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*