*Charles Akerman,* for plaintiff in error. *S. W. Hatcher,* contra.

---

## 9110.  WILSON v. GRIFFIN.

1. The giving of a replevy bond does not convert a foreclosure proceeding into mesne process. It requires a counter-affidavit to do this; and in this case, there being no such affidavit filed at the proper time, the court did not err, on motion of the plaintiff's counsel, in entering up judgment on the bond, against the defendant and his sureties.

2. Until such counter-affidavit is made and filed with the proper officer and at the proper time, there is no suit or case to return for trial; and therefore in this case there was nothing to submit to a jury.

DECIDED JULY 9, 1918.

Action upon bond; from Newton superior court—Judge Smith. July 17, 1917.

*Rogers & Knox,* for plaintiff in error. *King & Johnson,* contra.

LUKE, J. J. J. Griffin brought suit on a replevy bond against W. M. Benedict, as principal, and D. W. Wilson and E. W. Fowler, as securities thereon. The action was made returnable to the March term, 1917, of Newton superior court; and at the appearance term the defendants filed their plea and answer. When the case was called for trial at the July term, 1917, the plaintiff's counsel abandoned their common-law action and stated to the court that they had a separate and independent motion to make, which they thought would dispose of the suit and obviate the necessity of a trial. The motion, which was in writing, states that the movant shows: "that on the 16th day of October, 1916, movant foreclosed a laborer's lien upon cotton crop of W. M. Benedict, returnable to the January term, 1917, of the superior court of said county, for the sum of $190, and that the same was duly levied upon certain

crops of said Benedict; that the said Benedict filed no counter-affidavit to said foreclosure, and he has filed none to this date, nor has anyone else filed such an affidavit; that in order to release the property from the levy of said foreclosure, the said Benedict gave a replevy bond, with D. W. Wilson and E. W. Fowler as sureties, to pay the eventual condemnation-money in said case; wherefore, movant prays that he have a judgment against the said W. M. Benedict, as principal, and D. W. Wilson and E. W. Fowler, as sureties, for the sum of $190." Counsel for defendant D. W. Wilson objected to the entertaining of this motion and the entering of judgment thereon, on the ground that the bond was conditional, and the case should therefore be submitted to a jury. He also asked permission to file a counter-affidavit to the foreclosure. The court declined to allow the counter-affidavit to be filed, and, in response to plaintiff's motion, entered judgment in favor of the plaintiff; to which Wilson excepted.

It will be observed from this brief statement of facts that a levy had been made, the property replevied, and a replevy bond given, but no counter-affidavit was made and filed as required by paragraph 6 of section 3366 of the Civil Code (1910). Confronted with this state of facts, the trial court properly entered up judgment on the replevy bond, against the principal debtor and his sureties, in the same manner as in appeal cases. Plaintiff in error contends that by offering to file a counter-affidavit when the case was called for trial, he sufficiently met the requirements of the Civil Code, § 3366 (6). In refusing the proffered affidavit the trial judge stated that it came too late; and in so ruling we think he was entirely correct. In the case of *Moultrie Lumber Co.* v. *Jenkins,* 121 *Ga.* 721 (49 S. E. 678), the defendant had made a counter-affidavit and filed it with the levying officer, but it was ruled on the trial that the affidavit was void because sworn to before the defendant's attorney. This was tantamount to holding that no counter-affidavit had been filed. The defendant then and there offered to amend by swearing to the affidavit before a competent officer. The Supreme Court held that the defendant did not have the right to amend his affidavit, and Justice Lamar, delivering the opinion for the court, said: "But until there is such an affidavit there is no case, nothing to be returned to court, no pleadings to be amended, and no issue to be tried. *If, therefore, the*

*counter affidavit was void, the defendant was not in a position on
this hearing to have a ruling as to the validity of the foreclosure
or levy"* (italics ours). It will be noted that in that case the
defendant made an attempt to file with the levying officer a counter-
affidavit at the proper time, but it was held void, and he was not
permitted to amend so as to make a good and valid affidavit;
whereas in the case at bar the defendant made no attempt to file
such an affidavit with the levying officer at the proper time. Surely,
therefore, the defendant in the instant case was in no better posi-
tion (merely because he offered to file the affidavit on the hearing)
than the defendant in the *Moultrie Lumber Co.* case, supra. The
fact that the defendant offered to file a counter-affidavit on the
hearing did not save him. The Civil Code, § 3366· (6), after re-
citing that any person, defendant, or creditor may file such an
affidavit, provides that the "affidavit shall form an issue to be
*returned* [italics ours] to the court and tried as other cases." It
is apparent that this language contemplates that the affidavit be
filed with the levying officer as a condition precedent to his *return-
ing* the case to court for trial. "Until there is such an affidavit, there
is no case, nothing to be *returned* [italics ours] to the court."
*Moultrie Lumber Co.* v. *Jenkins,* supra. It takes the affidavit to
convert the proceeding into mesne process. In *Giddens* v. *Jas-
kins,* 7 *Ga. App.* 221 (66 S. E. 560), it was held that "In the ab-
sence of the counter-affidavit the plaintiff was authorized, under
section 2817 [now section 3367] of the Civil Code, to enter up
judgment on the replevy bond against the defendant and his surety
in the same manner as in cases of appeal." See also *Tipton* v.
*Conrad,* 21 *Ga. App.* 593 (94 S. E. 815).

The only other contention of the plaintiff in error is that the
court erred in not requiring the plaintiff to make out his case by
proper evidence, and in refusing to submit the case to a jury,
as the bond was a conditional contract. The answer to this con-
tention is found in the *Giddens* and *Moultrie Lumber Co.* cases,
supra, to wit: no counter-affidavit having been filed at the proper
time, in order to arrest the proceedings, there was no "issue to be
tried," and consequently nothing to submit to a jury. In the *Gid-
dens* case the court entered up judgment upon the bond exactly
as the court did in the case now under review.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*