# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

#### AT THE

## MARCH TERM, 1922

### 12587. HARVEY *v.* JOHNSON.

1. Under the facts of this case the court properly ordered that the entry of filing be made on the replevy bond nunc pro tunc.
2. As no counter-affidavit had been filed as provided by law, there was no case in court to be tried, and the demurrer to the affidavit to foreclose the laborer's lien was properly overruled.
3. The statute contemplates that the counter-affidavit to the foreclosure of a laborer's lien should be filed with the levying officer as a condition precedent to his returning the case to court for trial. This not having been done in this case, the counter-affidavit was properly stricken.
4. Judgment was properly rendered against the defendant and his securities on the replevy bond. Where a counter-affidavit is not "made and filed with the proper officer and at the proper time, there is no suit or case to return for trial, and therefore in this case there was nothing to submit to the jury."
5. The request that ten per cent. damages be awarded is denied.

   DECIDED MARCH 7, 1922. REHEARING DENIED APRIL 11, 1922.

Foreclosure of lien; from Marion superior court — Judge Munro. April 26, 1921.

Johnson foreclosed a laborer's lien against Harvey, an execution was issued and levied, and the defendant gave ·a replevy bond. The affidavit made to foreclose the lien, the execution, and the replevy bond were sent by the sheriff to the office of the clerk of the superior court and left there, the clerk being out at the time. The clerk testified that "he found the replevy bond with the lien foreclosure along about the second day of December, 1920,

in his office, and that he inadvertently failed to file the same; that the counter-affidavit was filed with him on the 25th day of April, 1921." J. C. Butt, of counsel for the plaintiff, testified "that about the second day of December, 1920, he found the bond with the lien-foreclosure in the clerk's office, and that no counter-affidavit was with the papers." The sheriff testified: "The day following the levy of the execution of Charlie Johnson against Mack Harvey I went by Mr. Rainey's office and attested this bond. I was in a hurry and gave the same to Mr. Rainey, together with the lien affidavit and execution, to give to the clerk of the superior court. The bond has never been in my office, and to-day is the first time I have seen the same since that time. To-day is the first time I have seen the counter-affidavit filed in the clerk's office on the 25th day of April, 1921. The counter-affidavit has never been filed with me." T. B. Rainey, counsel for the defendant, testified, "that he carried the bond to the clerk's office, that the clerk was not in, and he left the bond and lien foreclosure on the clerk's desk, that the bond was never filed in the sheriff's office, and that to-day was the first time he had given the counter-affidavit to the sheriff." This was April 26, 1921. The bill of exceptions recites that "after hearing said evidence the court passed an order nunc pro tunc ordering said bond filed as of Dec. 2d, 1920." While the case was on trial the defendant offered a special demurrer to the affidavit of foreclosure. This was overruled. Defendant then presented to the court a counter-affidavit which, upon motion of counsel for the plaintiff, was stricken. The court, upon petition filed by the plaintiff, rendered judgment in his favor. The defendant excepted to the order allowing the entry of filing on the bond nunc pro tunc, to the overruling of the demurrer to the affidavit of foreclosure, to the order striking the counter-affidavit, and to the judgment rendered against him and his securities.

*T. B. Rainey,* for plaintiff in error.

*W. D. Crawford, John C. Butt,* contra.

BLOODWORTH, J. (After stating the foregoing facts.)

1. The court did not err under the special facts of this case in ordering that the replevy bond be filed nunc pro tunc as of date December 2, 1920.

2. The demurrer to the affidavit of foreclosure was properly

overruled. No counter-affidavit had been filed as provided by § 3366 (6) of the Civil Code of 1910. In *Moultrie Lumber Co.* v. *Jenkins,* 121 *Ga.* 722 (49 S. E. 678), Justice Lamar said: "Where a laborer's lien has been foreclosed under the Civil Code [of 1895], § 2816 [§ 3366 (6), supra], the execution issued thereon operates as final process. The office of the counter-affidavit is to convert this final process into mesne process and raise an issue which must there be passed upon by the proper tribunal. But until there is such an affidavit there is no case, nothing to be returned to a court, no pleading to be amended, and no issue to be tried. If, therefore, the counter-affidavit was void, the defendant was not in a position on this hearing to have a ruling as to the validity of the foreclosure or levy." See *Wilson* v. *Griffin,* 22 *Ga. App.* 451, 452, 453 (96 S. E. 395), and cases cited.

3. The court did not err in striking the counter-affidavit. It was never filed in the office of the sheriff, nor did he ever see it until the day of the trial. It was filed in the office of the clerk of the superior court the day before the case was called and disposed of. In *Wilson* v. *Griffin,* supra, this court held as follows: "The fact that the defendant offered to file a counter-affidavit on the hearing did not save him. The Civil Code, § 3366 (6), after reciting that any person, defendant, or creditor may file such an affidavit, provides that the 'affidavit shall form an issue to be *returned* [italics ours] to the court and tried as other cases.' It is apparent that this language contemplates that the affidavit be filed with the levying officer as a condition precedent to his *returning* the case to court for trial." See *Tipton* v. *Conrad,* 21 *Ga. App.* 593 (94 S. E. 815).

4. Judgment was properly entered against the defendant and his securities. In *Giddens* v. *Gaskins,* 7 *Ga. App.* 221 (66 S. E. 560), this court held: "(1) The giving of the replevy bond did not convert the foreclosure proceedings into mesne process. It required the counter-affidavit to do this; and until such counter-affidavit was made and filed, there was no suit or case to return to the court, and no issue to be tried, the execution issued on the foreclosure of the lien being final process. *Moultrie Lumber Co.* v. *Jenkins,* 121 *Ga.* 721 (40 S. E. 678). (2) In the absence of the counter-affidavit, the plaintiff was authorized under section 2817 of the Civil Code, to enter up judgment on the replevy bond,

against the defendant and his surety, in the same manner as in cases of appeal."

5.  Not being fully convinced that this case was brought to this court for delay only, the request that ten per cent. damages be awarded is denied.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

### ON MOTION FOR REHEARING.

BLOODWORTH, J.  In the first ground of the motion for rehearing it is alleged that " It appears from the decision rendered in this case that the court overlooked a material fact in the reord as follows:  The laborer's lien was sued out and execution issued for the sum of $329.43, whereas judgment was entered up, on motion of the defendant in error, for the sum of $399.43 against the plaintiff in error and security on the replevy bond, which judgment is excessive to the amount of $70, and should have been ordered written off by the court."  The record before us shows that judgment was rendered for " the principal sum of $329.43; the sum of $23.59 interest to date, future interest at the rate of 7% per annum, and the further sum of $——— cost."

*Rehearing denied. Broyles, C. J., and Luke, J., concur.*