15557.    GARDNER *v.* PARKER.

BELL, J. 1. A counter-affidavit to the foreclosure of a laborer's lien may be interposed at any time before the sale of the defendant's property. There is no law requiring its interposition at the first or any other term after the foreclosure. *Smith* v. *McPherson*, 78 *Ga.* 84. Nothing to the contrary is ruled in any of the following cases: *Giddens* v. *Gaskins*, 7 *Ga. App.* 221 (66 S. E. 560); *Tipton* v. *Conrad*, 21 *Ga. App.* 593 (94 S. E. 815); *Wilson* v. *Griffin*, 22 *Ga. App.* 451 (96 S. E. 395); *Harvey* v. *Johnson*, 28 *Ga. App.* 287 (111 S. E. 576).

2. A counter-affidavit which does not contest the amount or justice of the plaintiff's claim, or the existence of the lien, does not make any issue which can be tried. *Murphey* v. *McGough*, 105 *Ga.* 816 (2) (31 S. E. 757).

3. The foreclosure of such a lien is final process. A counter-affidavit, in order to arrest the proceeding and transform it into mesne process, must set forth and allege substantial facts *affirmatively* showing either that the laborer is not entitled to the lien, or that the amount for which the lien is claimed is too large. The counter-affidavit cannot supply the office of a demurrer. *Boyce* v. *Day*, 3 *Ga. App.* 275 (3, 4) (59 S. E. 930).

4. The counter-affidavit in the instant case, as originally filed in the justice's court, did not contest the amount or justice of the plaintiff's claim, or the existence of the lien, but merely urged that the foreclosure

showed upon its face that the magistrate had no jurisdiction to entertain it. This contention was without merit, since the general lien of a laborer,—that is, against the property of the employer generally and not merely against land,—may be foreclosed in a justice's court, although the labor was performed in the improvement of real estate. *Dixon* v. *Williams*, 82 *Ga.* 105 (3) (9 S. E. 468). Such counter-affidavit raised no issue to be tried, and was not aided by an amendment offered and allowed in that court, seeking to tender an issue of fact, but not sworn to. There can be no counter-affidavit minus the affidavit. When there is no affidavit there is no case and no issue to be tried. *Moultrie Lumber Co.* v. *Jenkins*, 121 *Ga.* 721 (3) (49 S. E. 678). See also *Griggs* v. *Willbanks*, 96 *Ga.* 744 (22 S. E. 327); *Yancey* v. *Karwisch*, 129 *Ga.* 788 (59 S. E. 777).

5. Nor was it permissible to amend the counter-affidavit in the superior court (to which the defendant appealed from a judgment in the justice's court which he conceived to be erroneous) by alleging under oath the same facts which were set up in the unverified amendment in the justice's court. The justice's court having had no case to try, none could be made by amendment in the superior court. *Singer* v. *Middleton*, 135 *Ga.* 825 (1), 826 (70 S. E. 662); *Southern Railway Co.* v. *Born Steel Range Co.*, 122 *Ga.* 658 (4) (50 S. E. 488). The latter court did not commit error of which the defendant can complain when on motion of the plaintiff it ordered "that said case be dismissed and the same remanded back to the justice court and to the levying officer."

6. Other questions, not being referred to in the brief of counsel for the plaintiff in error, are treated as abandoned.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED AUGUST 13, 1924.

Appeal; from Fulton superior court—Judge E. D. Thomas. March 13, 1924.

*Lawton Nalley,* for plaintiff in error.

*Parker & Patterson,* contra.