HOLTZCLAW *v.* BARRETT, warden, *et al.*

HILL, J. 1. The Civil Code (1910), § 4955, provides, with reference to attorneys at law: "They have authority to bind their clients in any action or proceeding, by any agreement in relation to the cause, made in writing, and in signing judgments, entering appeals, and by an entry of such matters, when permissible, on the dockets of the court; but they can not take affidavits required of their clients, unless specially permitted by law." Accordingly, a pauper affidavit filed by the plaintiff in error, and witnessed by a notary public who is the attorney representing the plaintiff in error, is void. See *Moultrie Lumber Co.* v. *Jenkins,* 121 *Ga.* 721 (49 S. E. 678); *Wilkowski* v. *Halle,* 37 *Ga.* 678, 681 (95 Am. D. 374); *Nichols* v. *Hampton,* 46 *Ga.* 253 (6).

2. This case having been submitted subject to payment of costs, and it appearing that the costs have not been paid, and there being no pauper affidavit as required by law, the writ of error must be

*Dismissed. All the Justices concur.*

No. 9565. JULY 14, 1933.

*D. Carl Tallant,* for plaintiff.