KENNEDY *v.* MILLER; *et vice versa.*

No. 9845. AUGUST 8, 1934.

*Hay & Foresler,* for plaintiff in error. *W. H. Tilus,* contra.

RUSSELL, C. J. The Court of Appeals certified the following question: "Miller foreclosed a laborer's lien against Kennedy. Execution was duly issued thereon, and was levied on certain property of Kennedy, who made the proper bond and delivered it to the sheriff, who thereupon delivered to Kennedy the property levied upon. The foreclosure was made on September 21, 1932, and the case was made returnable to the October term of the superior court, which convened on October 17, 1932. On the latter date the defendant filed a demurrer and his unsworn answer to the affidavit for foreclosure. On the next day the case was called for trial; and on the same day (October 18, 1932) the defendant filed with the sheriff his counter-affidavit to the foreclosure proceeding; and on the same day, and before any ruling or judgment in the case was rendered, the sheriff filed the counter-affidavit with the clerk of

the court. Under the foregoing facts was the counter-affidavit filed within the proper time to convert the proceeding into mesne process?"

The only real question is whether under the facts as determined by the Court of Appeals, the counter-affidavit was filed within the proper time to convert the proceeding into mesne process. The question must be answered in the affirmative. The foreclosure of a laborer's lien is final process unless and until a counter-affidavit is filed as provided by statute. The entry of this case upon the docket of the superior court was entirely unauthorized. Under our law there could be no issue as to the foreclosure of the lien until the counter-affidavit was filed. The fact that the defendant in the lien foreclosure gave what was practically a forthcoming bond for the property upon which the levy had been made would not merely, of itself, have arrested the process. Had the sheriff proceeded to advertise and sell the property, as he could have done, and the property had not been produced at the time fixed for the sale, the liability of the principal and surety on the bond to which the question refers might have been the subject of litigation. But that is at present a matter of no consequence in the solution of the question propounded by the Court of Appeals. Under the facts stated in the question there was no case to be returned to the October term, 1932. The foreclosure of the laborer's lien was final process unless a counter-affidavit was filed. It remains final process until a counter-affidavit is filed. When the counter-affidavit referred to in the question was filed with the sheriff, the proceeding for the first time became mesne process. The date on which the counter-affidavit was filed being October 18, 1932, the proceeding then for the first time became mesne process, and the case thereby made was returnable to a subsequent term, the next term, of court. In *Moultrie Lumber Co.* v. *Jenkins,* 121 *Ga.* 721 (49 S. E. 678), Mr. Justice Lamar, speaking for the entire court, said: "Where a laborer's lien has been foreclosed under the Civil Code, § 2816 [1910, § 3366], the execution issued thereon operates as final process. The office of the counter-affidavit is to convert this final process into mesne process and raise an issue which must be passed upon by the proper tribunal. But until there is such an affidavit there is no case, nothing to be returned to a court, no pleading to be amended, and no issue to be tried." In *Gardner* v. *Parker,* 32 *Ga. App.* 608

236

(124 S. E. 181), Judge Bell, delivering the opinion of the court, said: "A counter-affidavit to the foreclosure of a laborer's lien may be interposed at any time before the sale of the defendant's property. There is no law requiring its interposition at the first or at any other term after foreclosure."

The remedy of distraint for rent is summary and so similar to the proceeding to foreclose other statutory liens that the numerous rulings of this court to the effect that there must be a counter-affidavit filed in these cases before there can be mesne process illustrate, by analogy, the question propounded by the Court of Appeals. One of these is *Griggs* v. *Willbanks, 96 Ga. 744 (22 S. E. 327)*, in which Chief Justice Simmons, delivering the opinion of the court, held that "the dismissal of a counter-affidavit leaves nothing to be tried, and the distress warrant at once becomes again operative as final process. · This being so, a verdict and judgment rendered upon a distress warrant against the defendant therein and the sureties on his bond for the eventual condemnation-money, after the dismissal of the counter-affidavit, was void; and an illegality filed by the sureties to the enforcement of an execution issued upon such judgment was rightly sustained." Citing *Anders* v. *Blount, 67 Ga. 41; McCulloch* v. *Good, 63 Ga. 519; Habersham* v. *Eppinger, 61 Ga. 199; Girtman* v. *Stanford, 68 Ga. 178.* In *Habersham* v. *Eppinger,* supra, the court held: "In our judgment it is the counter-affidavit which brings and holds the case in the superior court. Unless that was legal, it was the duty of the sheriff to go on with his levy and sale; and when the court dismissed that counter-affidavit because it was illegal, the case was no longer in that court, and it had no jurisdiction to pass the order, or render the judgment, dismissing the plaintiff's warrant, or setting it aside. The case by operation of law was remanded to the sheriff, and the superior court had no jurisdiction of it further." So in this case we are of the opinion that there was never any *case* which was triable in the court until the filing of the counter-affidavit. The filing of the counter-affidavit was not too late if the property levied upon had not been sold.    *All the Justices concur.*