24518.  HARRIS *et al.* v. HOUSTON.

SUTTON, J.  1. A laborer has a general lien upon the property of his employer, liable to levy and sale, for his unpaid wages. The laborer may enforce such lien on personal property by filing an affidavit in the proper court in the county of the residence of the employer or in the county where such property of the employer is located, setting forth the essential facts necessary to constitute such lien, whereupon an execution shall issue instanter, the same being final process, unless and until arrested or controverted by a proper counter-affidavit. Defendant may give bond and replevy the property, but it is not necessary to do this in order to contest plaintiff's claim by counter-affidavit. Civil Code (1910), §§ 3334, 3366.

2. "If the person defendant in such execution, or any creditor of such defendant, contests the amount or justice of the claim, or the existence of such lien, he may file his affidavit of the fact setting forth the ground of such denial, which affidavit shall form an issue to be returned to the court and tried as other causes." Civil Code (1910), § 3366 (6). Upon the interposition of an affidavit by the employer, denying that he is due the laborer the amount claimed or his right to the lien claimed, the proceeding is converted into mesne process and the issue thus formed shall be returned to the proper court for disposition as other causes. *Boyce* v. *Day*, 3 *Ga. App.* 275 (59 S. E. 930).

3. "A counter-affidavit to the foreclosure of a laborer's lien may be interposed at any time before the sale of the defendant's property. There is no law requiring its interposition at the first or any other term after the foreclosure. *Smith* v. *McPherson*, 78 *Ga.* 84. Nothing to the contrary is ruled in any of the following cases. *Giddens* v. *Gaskins*, 7 *Ga. App.* 221 (66 S. E. 560); *Tipton* v. *Conrad*, 21 *Ga. App.* 593 (94 S. E. 815); *Wilson* v. *Griffin*, 22 *Ga. App.* 451 (96 S. E. 395); *Harvey* v. *Johnson*, 28 *Ga. App.* 287 (111 S. E. 576)." *Gardner* v. *Parker*, 32 *Ga. App.* 608 (124 S. E. 181).

4. Plaintiff filed his affidavit in a justice's court of Carroll county, claiming that the defendants were due him a stated sum as unpaid wages. The justice issued an execution returnable to the June term, 1934, of that court. No counter-affidavit was filed at that term, but upon the next day the defendants filed a counter-affidavit reciting that they were not indebted to the plaintiff in any sum whatsoever, that plaintiff had been paid in full, and that the justice's court of Carroll county had no jurisdiction of the matter, defendants not residing in that county, but in DeKalb county, Georgia, the courts of which latter county had jurisdiction of said matter. The execution was levied upon the property of the defendants in Carroll county and in the district of the justice's court where it was issued, but the property was not sold or advertised for sale prior to the interposition of the above counter-affidavit. At the July term, 1934, the justice's court dismissed the counter-affidavit, and the constable was ordered to proceed with the advertisement and sale of the property levied on. Defendants' petition for certiorari was denied by the superior court, and exceptions were taken thereto. Under the foregoing rulings, the counter-affidavit was filed in time, and was sufficient to form an issue to be tried, and the papers should have been returned to the proper court in the county where the defendants resided.

5. A laborer can "sue out a process to enforce his lien for labor performed either in the county of his employer's residence, or where his property might be, but the process should be made returnable to the proper court of the county of defendant's residence, if he reside in the State." The issue made in such proceedings by the counter-affidavit of the defendant should be returned to and tried in the proper court of the county of the defendant's residence. *Tharpe* v. *Foster*, 52 *Ga.* 80; *Hardeman* v. *DeVaughn*, 49 *Ga.* 596; *Bennett* v. *Wheatley*, 154 *Ga.* 605 (115 S. E. 83). "A person who is entitled to a lien other than a mortgage on the personal property of another may foreclose the lien in any county in which the property is situated, and the execution based upon the foreclosure affidavit may be issued in the same county." "Where the defendant resides in another county and pleads to the jurisdiction, and also files a counter-affidavit, if the plea to the jurisdiction be sustained the court may then transfer the case to the proper court of the county of the defendant's residence, for trial upon the issue formed by the counter-affidavit." *Hall* v. *Jeffreys-McElreath Co.*, 37 *Ga. App.* 581 (140 S. E. 910).

6. If the defendants resided in DeKalb county (and there seems to be no dispute as to this), the justice's court of Carroll county had no jurisdiction to try the issue raised by the counter-affidavit, but the proceed-

ing should have been returned to the proper court, for trial in the county where the defendants actually resided. See *Harrell* v. *Logue,* 130 *Ga.* 446 (60 S. E. 1042) ; *Dawson* v. *Garland,* 83 *Ga.* 304 (9 S. E. 838) ; *Bryant* v. *Mercier,* 82 *Ga.* 409, 412 (9 S. E. 166) ; *Jones* v. *Wylie,* 82 *Ga.* 745, 747 (9 S. E. 614).

7. Applying the above rulings to the facts of this case as they appear in the record, the judge of the superior court, before whom defendants' petition for certiorari was heard, erred in denying the same and in affirming the judgment of the justice's court dismissing the counter-affidavit interposed by the defendants in this case.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 9, 1935.

*Willis Smith,* for plaintiffs in error.    *Boyd A. Lovvorn,* contra.