25256. LAW *v.* HODGES.

DECIDED APRIL 30, 1936.

*Jared I. Bull, R. L. LeSueur,* for plaintiff.
*Hollis Fort, R. L. Maynard,* for defendant.

GUERRY, J. In September, 1934, S. P. Law foreclosed a laborer's lien against A. F. Hodges Jr. Hodges filed a counter-affidavit and bond. The sheriff returned the papers to the clerk of the superior court, but they were not filed; and when the defend-

ant appeared at the January term of the court, there was no case against him filed in office or on the docket. It appears that the papers were lost, and that subsequently they were found; and in June, 1935, they were filed, and the case was called for trial at that term. The defendant had no further notice of the suit, and was not present. The court ordered the case to proceed. The plaintiff introduced evidence, and the court directed a verdict in his favor in the amount sued for. The defendant in proper time filed a motion for new trial and later amended it. The court upon consideration sustained the motion. Exceptions were brought to this court by the plaintiff.

■ The filing of a counter-affidavit to the foreclosure of a laborer's lien, converts the proceedings into mesne process. *Giddens* v. *Gaskins, 7 Ga. App.* 221 (66 S. E. 560). The counter-affidavit is not in the nature of an affidavit of illegality; and when the defendant does not appear at the trial, it is not proper for the judge to dismiss the affidavit; but the plaintiff should be allowed to make out his case before the jury.

■ The first grant of a new trial by a judge of the superior court is never disturbed by an appellate court, unless it is made to appear that in doing so he manifestly abused the discretion resting in him. In this case we not only think that the evidence did not demand the verdict directed, but under the facts of the case we think it manifest that right and justice require another trial of the case.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*