30790.   FROST MOTOR CO. *v.* PIERCE.

448

Decided April 21, 1945.    Rehearing denied May 10, 1945.

*Benton E. Gaines,* for plaintiff.

*Noah J. Stone,* for defendant.

Parker, J.  Frost Motor Company foreclosed, in the civil court of Fulton County, on April 5, 1944, an alleged mechanic's lien for $201.96 on a truck of R. C. Pierce.  The affidavit of foreclosure recited that the plaintiff was "in possession of or having filed his [its] claim of lien as required by law on said property."  The defendant filed a counter-affidavit alleging in part that "he is not indebted to the plaintiff in the sum claimed for labor and material, and that the plaintiff does not have a lien upon said car," and that "this defendant admits that he is indebted to the plaintiff in the sum of $93.50, but that the plaintiff does not have a lien against this defendant or against said car for the amount thereof because said sum has been tendered to the plaintiff prior to the bringing of this proceeding, and he continues to tender said sum to the plaintiff."  The plaintiff moved to dismiss the counter-affidavit upon the grounds that the defendant admitted owing $93.50, which he had not paid when the counter-affidavit was received by the officer, and which had not then (at the time of the trial) been paid; and because the counter-affidavit set out no grounds for denial of the existence of the lien.  The defendant amended by alleging that on or about March 16, 1944, he paid the plaintiff

$93.50 by a check which had not been returned to him; and he then paid the amount into court and denied generally any further indebtedness to the plaintiff. The court overruled the motion to dismiss the counter-affidavit. The evidence offered by the plaintiff tended to show that labor and materials of the value of the sum claimed were furnished by the plaintiff in repairing the defendant's truck; that it was a cash job; that when the truck was delivered to the defendant he gave the plaintiff his check for $160.11 (a bill for parts included in the job amounting to $41.85 being overlooked at the time); that thereafter the defendant stopped payment of the check for $160.11, and mailed the plaintiff another check for $93.50 in full settlement; and that the plaintiff was holding that check when the foreclosure was instituted. It was delivered to the defendant upon the opening of the trial. At the conclusion of the plaintiff's evidence, the trial judge, on motion of the defendant, granted a nonsuit upon the ground that the plaintiff had not proved compliance with the law by showing the recording of its claim of lien within the time required, which ruling, as well as the ruling on the motion to dismiss the counter-affidavit, was affirmed by the appellate division of the lower court. The exceptions are to the judgment affirming those rulings.

■ A corporation or a firm engaged in the business of repairing motor vehicles, and employing others to do expert mechanical work, and furnishing material in the making of such repairs, is entitled to a mechanic's lien on the property repaired the same as a natural person so engaged. *Loudon* v. *Coleman,* 59 *Ga.* 653; *Fox* v. *Smith,* 143 *Ga.* 547 (85 S. E. 856). An execution issued on the foreclosure of a mechanic's lien under the Code, § 67-2401, is final process until and unless arrested by a valid counter-affidavit. *Moultrie Lumber Co.* v. *Jenkins,* 121 *Ga.* 721 (49 S. E. 678); *Kennedy* v. *Miller,* 179 *Ga.* 234 (175 S. E. 588). The giving of a replevy bond will not convert such foreclosure proceedings into mesne process. There must be a counter-affidavit to do this. *Giddens* v. *Gaskins,* 7 *Ga. App.* 221 (66 S. E. 560); *Wilson* v. *Griffin,* 22 *Ga. App.* 451 (96 S. E. 395); *Harvey* v. *Johnson,* 28 *Ga. App.* 287 (111 S. E. 576). A counter-affidavit may be interposed at any time before the sale of the defendant's property, and it must set forth substantial facts affirmatively showing either that the mechanic is not entitled to the lien, or that the amount

claimed is too large. *Gardner* v. *Parker,* 32 *Ga. App.* 608 (124 S. E. 181). Counter-affidavits in lien foreclosures are amendable to the same extent as ordinary petitions, and with only the restrictions, limitations, and consequences obtaining in the case of ordinary petitions and pleas. Code, § 81-1203. The affidavit of the plaintiff in this case was in the alternative or was disjunctive. It recited that the plaintiff was in possession of the property "or" had ·filed the claim of lien as required by law. This was not an express allegation that the lien had been recorded. The counter-affidavit expressly denied that the defendant was indebted to the plaintiff in the sum claimed and that the plaintiff had a lien on the truck. In the absence of more direct and specific allegations in the affidavit of the plaintiff, we think the counter-affidavit was .sufficient to make an issue. *Slappey* v. *Charles,* 7 *Ga. App.* 796 (68 S. E. 308). Counsel for the plaintiff cites a number of cases, but none of them seem to require a contrary ruling under the facts of this case. *Gunn* v. *Johnson,* 29 *Ga. App.* 610 (116 S. E. 921), one of the cases relied on by the plaintiff, seems to hold that the failure of the defendant to deny in terms the recording of the lien amounts to an admission that it was duly and properly recorded. However, an examination of the record in that case discloses that neither the foreclosure affidavit nor the counter-affidavit made any reference to the recording of the lien, and that issue was not raised until the motion for new trial was filed. The effect of the holding in the *Gunn* case is, that where there is no issue as to the recording of the lien, the question can not be raised for the first time on motion for new trial.

■ The Code, § 67-2401 (7), requires the defendant to pay any amount admittedly due before his affidavit shall be received by the levying officer. Cases are cited by the plaintiff holding that an affidavit of illegality to the foreclosure of a retention-of-title or conditional-sale contract will be dismissed where it appears that the defendant did not tender to the sheriff, the amount appearing to be due without contest or denial. See *Carter* v. *Commercial Credit Co.,* 58 *Ga. App.* 470 (198 S. E. 792). But this court has held that a counter-affidavit interposed on foreclosure of a laborer's lien "is not in the nature of an affidavit of illegality," and may not be dismissed when the defendant does not appear at the trial, although the plaintiff should be allowed to make out his case before

the jury. *Law* v. *Hodges,* 53 *Ga. App.* 319 (185 S. E. 584). The defendant admitted owing the plaintiff $93.50, and alleged in his original counter-affidavit that "said sum has been tendered to the plaintiff prior to the bringing of this proceeding, and he continues to tender said sum to the plaintiff." In response to the motion to dismiss the counter-affidavit made by the plaintiff, the defendant amended by alleging the mailing of his check for the $93.50 to the plaintiff and the failure of the plaintiff·to return the check to him; and he then paid the said sum into court. .We think this was sufficient compliance with the statute on the part of the defendant. "It is elementary, and applicable to all contracts alike, that a tender of payment is equivalent to payment." *Life & Casualty Ins. Co.* v. *Jordan,* 69 *Ga. App.* 287, 298 (25 S. E. 2d, 103).

■ The objections to the amendment of the counter-affidavit were that there was nothing to amend by, and that the payment of the $93.50 into court was made too late. Our holding in division 1 of this opinion, that the counter-affidavit as originally filed made an issue, disposes of the first objection. The amendment merely alleged a date when the check referred to was mailed to the plaintiff, and that the plaintiff still held the check, and recited that the sum of $93.50 was being paid into court by the defendant. Under the ruling in *Gardner* v. *Parker,* supra, that a counter-affidavit may be filed at any time before the sale of the property, and under the Code, § 81-1203, which permits amendments to counter-affidavits, we are compelled to hold that the last objection was without merit.

■ The Code, § 67-2003, provides for special liens of mechanics on personal property improved by them, "which may be asserted by retention of such property, or the mechanic may surrender such personal property and give credit." When possession of the property is surrendered to the debtor, "such mechanics shall record their claim of lien, within 10 days after such work is done and material furnished." Clearly under the statute the surrender of the property by the mechanic, so as to require the recording by him of his claim of lien in order to preserve it, contemplates the giving of credit to the owner. The evidence is definite and undisputed that the plaintiff did not extend credit to the defendant. An officer of the company, who was its office and credit manager, testified that the defendant wanted credit for a part of the repair bill, but

when the defendant stated that he did not know when he could pay the balance he was told by the witness that the entire bill would have to be paid before the truck would be released. The defendant thereupon gave the check to the cashier. "A bank check tendered in payment is not such until paid." Code, § 20-1004; *Sims* v. *Bolton,* 138 *Ga.* 73 (74 S. E. 770). That the repair bill was to be paid in "cash" is clearly shown by the evidence, and it is plain that the plaintiff accepted the check as cash, and when the defendant stopped payment of the check there was actually no payment of the bill. A check is a negotiable instrument. "The maker of a negotiable instrument by making it engages that he will pay it according to its tenor." Code, § 14-601. "Every person negotiating an instrument by delivery . . warrants: (4) That he has no knowledge of any fact which would impair the validity of the instrument or render it valueless." § 14-606. The evidence shows without contradiction that before the defendant gave the check he stated to the plaintiff's agent unequivocally that there was no dispute about the repair bill. The question is whether the conduct of the defendant in giving the check for the repairs, and then stopping payment of it after getting possession of the truck, was such as to estop him from asserting that the plaintiff did not have possession. Counsel for the plaintiff argues that the defendant's conduct was fraudulent, and that the legal possession of the truck as contemplated by the statute was still in the plaintiff, and that the defendant was estopped from denying possession in the plaintiff. If these contentions are sound, whether or not the lien was recorded becomes immaterial. We have found no Georgia decisions directly in point and counsel have cited none; but it has been held in the case of an innkeeper's lien, which includes the right of the innkeeper to retain possession of chattels in opposition to the title of the owner, that, "if the possession is voluntarily surrendered, *without fraud* [italics ours], to the guest or owner, the lien is at an end." *Turner* v. *Priest,* 48 *Ga. App.* 109, 113 (171 S. E. 881). The converse would seem to be true, and if possession was surrendered involuntarily or because of fraud the lien would not be at an end. The controlling question here has been decided by the Supreme Court of North Carolina. In *Maxton Auto Co.* v. *Rudd,* 176 N. C. 497 (97 S. E. 477), it was held that under the principle of estoppel, which forbids one from assuming

inconsistent positions to the prejudice of another's rights, the owner of a motor car, who obtained possession after repairs by giving a check for the amount thereof, can not, after having stopped payment because the repairs were unsatisfactory, deny the repairman's right to possession so as to prevent enforcement of the mechanic's lien. In the opinion the court said: "Defendant, believing that the repairs had been of no benefit, stopped payment of the check; but when he does so he must restore plaintiff's possession and put him in position to enforce his mechanic's lien for the amount due. . . Having obtained possession of his car under a promise to pay cash, on refusal, he is estopped to resist enforcement of mechanic's lien by reason of the possession thus acquired." That ruling was reaffirmed in the later case of Reich v. Triplett, 199 N. C. 678 (155 S. E. 573). The doctrine of estoppel has been applied to a defendant resisting a lien foreclosure in this State. Koppe v. Rylander, 33 Ga. App. 686 (128 S. E. 68). "Equitable estoppel is established on the 'ground of promoting the equity and justice of the individual case by preventing a party from asserting his rights under a general technical rule of law, when he has so conducted himself that it would be contrary to equity and good conscience for him to allege and prove the truth.' 21 C. J. 1117." Bragan v. Lumbermen's Mut. Cas. Co., 59 Ga. App. 862, 864 (2 S. E. 2d, 189). Where one invokes the conduct of another as constituting an estoppel in pais he must show that he has acted thereon to his detriment, or has been hurt thereby. Hancock v. King, 133 Ga. 734 (66 S. E. 949). These requirements are met in this case. The plaintiff acted to his detriment by delivering the truck in exchange for the check which was not paid, and has been hurt thereby, unless the defendant is estopped from denying the plaintiff's possession. Estoppels in pais or equitable estoppels may be asserted in proceedings at law and in courts having legal jurisdiction only. Hood v. Duren, 33 Ga. App. 203 (125 S. E. 787). Whether or not a set of established facts results in an estoppel in pais is generally a jury question. "Where the facts relied on to establish the estoppel do not unequivocally show an estoppel in pais, the jury, and not the judge, should determine whether the facts constitute such an estoppel." Tune. v. Beeland, 131 Ga. 528 (3) (62 S. E. 976). If the defendant gave the check to the plaintiff solely for the purpose of securing possession of the truck and intending at the

time to stop payment of the check, or if after having given the check he made up his mind to stop its payment without good cause and in bad faith, he would be estopped from asserting that the plaintiff did not have possession. The intention of the defendant in the giving of the check, and whether his conduct thereafter in stopping payment of the check was with or without good cause, and was in good or bad faith, were questions for the jury. There being issues properly determinable only by the jury, the trial judge erred in granting a nonsuit, and the appellate division erred in affirming that ruling.

*Judgment reversed. Sutton, P. J., and Felton, J., concur.*