### 39543. BOWMAN v. QUICK.

CARLISLE, Presiding Judge. 1. "A counter-affidavit to the foreclosure of a laborer's lien may be interposed at any time before the sale of the defendant's property. There is no law requiring its interposition at the first or any other term after the foreclosure. *Smith v. McPherson,* 78 Ga. 84. Nothing to the contrary is ruled in any of the following cases: *Giddens v. Gaskins,* 7 Ga. App. 221 (66 SE 560); *Tipton v. Conrad,* 21 Ga. App. 593 (94 SE 815); *Wilson v. Griffin,* 22 Ga. App. 451 (96 SE 395); *Harvey v. Johnson,* 28 Ga. App. 287 (111 SE 576)." *Gardner v. Parker,* 32 Ga. App. 608 (1) (124 SE 181).

2. A counter-affidavit to the foreclosure of a laborer's lien which admits that an amount less than the amount claimed in the foreclosure is due and which fails to tender into court the amount admitted due is subject to dismissal and is, therefore, a nullity and no proper counter-affidavit. *Code* § 67-2401; *Carter v. Commercial Credit Co.,* 58 Ga. App. 470 (198 SE 792).

3. Where, after the levy of a fi. fa. issued on the affidavit of a laborer claiming a lien on the property of a named defendant, the defendant filed an affidavit denying the indebtedness in the amount claimed but admitting that he owed the plaintiff a lesser amount, but which counter-affidavit failed to tender into court the amount admitted to be due, such affidavit was legally insufficient to bring the case into court and to arrest the proceeding. However, where the case was nevertheless returned into court by the sheriff and while the matter was still before the court the defendant in fi. fa. voluntarily dismissed his original counter-affidavit and filed a new counter-affidavit alleging exactly the same facts, but further alleging a tender to the plaintiff in fi. fa. of the amount admitted to be due, the refusal of the plaintiff in fi. fa. to accept that amount, and which second affidavit tendered into court

the sum admitted to be due, such second affidavit being tendered and filed before the actual sale of the property under the levy was not too late, and since it made an issue as to the amount claimed to be due and as to the right of the plaintiff in fi. fa. to have a lien it was not proper for the trial court to dismiss such counter-affidavit. See *Harris v. Houston,* 51 Ga. App. 116 (179 SE 645); and *Kennedy v. Miller,* 179 Ga. 234 (175 SE 588).

4. Nothing in the cases of *Story v. Flournoy, McGehee & Co.,* 55 Ga. 56, and *Green v. White Oak Club,* 141 Ga. 646 (81 SE 867) requires a ruling different from that now made. In the first of these cases, it appears that the second counter-affidavit attempted to raise a new issue entirely different from the issue made by the first counter-affidavit and it was held to be deficient because it failed to allege that the affiant did not know the new facts at the time he filed the original counter-affidavit. In the second of these cases it appeared that the counter-affidavit originally filed by the defendant was dismissed *by the court and no exception taken to the order of dismissal.* In the instant case the dismissal was voluntary on the part of the defendant in fi. fa. and the second counter-affidavit did not present new facts, but simply added allegations as to the tender to the plaintiff in fi. fa. of the amount admitted by both counter-affidavits to be due and further tendered the amount admitted to be due into court. No reason appears why this change could not have been accomplished by the mere mechanics of an amendment to the affidavit. *Code* § 81-1203. That in substance is what the defendant in fi. fa. did, and though he called his action a dismissal of his original counter-affidavit in sum and substance he did no more than strike the original and substitute a new counter-affidavit alleging the same facts and remedying a legal deficiency existing in the first. This procedure has been sanctioned by this court with respect to other kinds of pleadings, and no reason appears why it should not be followed with respect to affidavits of illegality and counter-affidavits, especially where the substantive relief sought by the new pleading is not changed and the facts relied upon for such relief are the same in the new and substituted pleadings as were in the original pleadings. *Central of Ga. R. Co. v. Sharpe,* 83 Ga. App. 12, 16 (1) (62 SE2d 427).

5. It follows that the judge of the superior court erred in dismissing the second counter-affidavit.

*Judgment reversed. Eberhardt and Russell, JJ., concur.*

DECIDED JUNE 26, 1962.

*Harris, Harris & Glover, Graham Glover,* for plaintiff in error. *James Maddox,* contra.