ANSLEY, trustee, *et al. vs.* PACE & COMPANY *et al.*

1. Where a trustee filed his petition for leave to sell certain realty of the trust estate, alleging that certain debts (stating them in detail) were due, and there was no means of paying them except by selling this realty, and thereupon obtained a verdict and decree for such sale, in a subsequent proceeding to require him to sell, he was not competent as a witness to prove that the statements in his petition were untrue, and that the debts were not really those of the trust estate,

2. Where no authority is given by the deed creating a trust estate, or by the voluntary consent of all the beneficiaries, any part of the *corpus* may be sold by virtue of an order of the court of chancery upon regular application to the same, and this may be done at chambers in vacation. Nor does the fact that there is a remainder interest alter the power of the chancellor to order a sale.

(*a.*) Where power to sell has been granted to a trustee, and he fails or refuses to exercise it, upon proper case made the chancellor may order him to sell.

(*b.*) The birth of a child who might have an interest in a trust estate, after an order allowing a sale of the *corpus*, would not invalidate it. So far as its interest could be represented, the trustee was its representative.

Witness.    Evidence.    Trusts.    Practice in Superior Court.    Before Judge STEWART.    Newton Superior Court.    September Term, 1881.

The following, in connection with the decision, sufficiently reports this case :

The present bill was filed by creditors to enforce a sale by Ansley, trustee, of certain property under leave formerly obtained by the said trustee for the sale of the trust property, and appropriation of the proceeds to the satisfaction of debts of the trust estate. The beneficiaries under the deed creating the trust estate were S. A. Ansley, wife of the trustee, during her natural life, with remainder to her children living at her death. The deed provided that in case there were no children to take in remainder, the property should revert to the donor, the

adopted father of said S. A. Ansley. The case was submitted to the judge, without a jury. He decided that the trustee should sell the property and apply the proceeds to the payment of the creditors in accordance with the previous decree; the defendant excepted.

EMMETT WOMACK, for plaintiff in error.

CLARK & PACE, for defendants.

CRAWFORD, Justice.

At the September term, 1876, of the superior court of Newton county, D. H. Ansley, as trustee for his wife and children, presented a petition to the court, alleging that the trust estate was indebted to certain named creditors for necessaries furnished for the support of the *cestui que trusts*, and having no means except eight hundred and fourteen acres of land wherewith to pay the same, prayed an order for the sale of so much thereof as might be necessary to pay the said debts. Other matters touching the said trust estate were included in said petition, but nothing material to the questions in issue here. To this petition Mrs. S. A. Ansley was a party, she being one of the *cestui que trusts*, and expressed her consent to said sale in writing. A guardian *ad litem* was appointed for the minor children, who accepted the trust, and with full knowledge of all the facts, consented and agreed to the said sale, and asked that the prayer of the trustee be granted. In addition to these parties, the heirs of the original grantor in the deed, who in a remote contingency might inherit this land in remainder, were also made parties, and assented and prayed that the sale might be allowed.

To this petition, and as a part of the proceedings thereof, was added a list of the creditors, with the amounts due to each for the necessaries so furnished for the support of the said *cestui que trusts*, and for whose benefit the sale was to be made.

At the adjourned term in December, 1876, the judge of the court, upon the reading of the petition, ordered a jury to come, to whom the facts were submitted, and who, upon hearing the same, returned a verdict finding that the debts set forth were due from the trust estate, and that leave be granted to the said trustee to sell a sufficient portion of the land to pay off and discharge the debts; whereupon the chancellor ordered and decreed that the trustee do sell such portion of the land, not exceeding three hundred acres, as might be sufficient to pay the said debts.

The foregoing decree having been obtained in 1876, and the said trustee having failed to comply with the same, this bill was filed to enforce its execution. The defendants, by their answer, admitted all the facts charged in the bill, except that the debts set forth in the original bill or petition were contracted for the benefit of the trust estate; this they denied; and they further set up the fact that another child had been born to Mrs. S. A. Ansley since the rendition of the decree.

The parties submitted the cause to the chancellor both on the law and facts, who found for the complainants, and decreed that the said trustee proceed to sell the land as directed by the decree of 1876, and that he pay over the proceeds to the creditors.

To this finding and decree the defendants excepted, making two assignments of error:

(1.) That the court rejected Ansley as a witness to prove that the debts set out in the petition filed by him for the order to sell this land were not the debts of the trust estate, but were his individual debts.

(2.) That the decree was unauthorized and illegal.

1. Upon the first ground of error our opinion is, that the ruling of the court was right in refusing to allow the testimony of Ansley to be introduced to contradict his solemn admissions *in judicio*, which were of record, and the foundation of the proceedings upon which he had

come into court, prayed for and obtained a judgment and decree for the benefit of parties whose interest he then represented, but to whose injury he now offered to testify. The record of that case, that is, the petition setting forth the fact that these debts were due from the trust estate that they had been made for the support of the *cestui que trusts*, the verdict of the jury finding the same facts, and the decree of the chancellor founded upon the verdict, had been put in evidence and were before the judge, when the petitioner, Ansley, was offered to swear away the truthfulness of his petition, the verdict of the jury thereon, and the decree of the chancellor in pursuance thereof. Even if this testimony should not fall strictly under the head of solemn admissions *in judicio*, yet it can hardly be supposed that had it been admitted the finding of the judge would have been affected by it, as against the record evidence submitted by the complainants, and especially when he regarded it so wholly illegal as to exclude it from his consideration.

The witness was properly rejected.

2. As to the second ground of error, it is urged that the original decree was void, even if it is admitted that the debts were due from the trust estate, because the chancellor had no power to order a sale of any part of the *corpus* of the estate, when there were remaindermen. And that the birth of a child since that decree was rendered, who was not *in esse* at that time, and who by possibility might become the sole heir of the remainder interest, not being a party to that proceeding, can not have its rights divested thereby. On these grounds it is claimed that the decree in this case is illegal. By section 2327 of the Code, provision is made where no authority is given by the deed creating the trust estate, or by the voluntary consent of all the beneficiaries to sell any part of the *corpus* of the estate, that the same may be done by virtue of an order of the court of chancery upon regular application to the same, and this may be done at

chambers in vacation. Indeed this power was exercised by our courts of chancery long before the passage of the act of 1853–4 authorizing it. Not only so, but the power of sale was exercised in cases where there were remainder interests, upon a proper showing made. This power of sale must be lodged somewhere, when cases arise making it absolutely necessary to preserve *itself*, or to prevent the want and suffering of the *cestui que trusts*, or similar unforeseen emergencies. The security and protection at last of the beneficiaries must rest in the fidelity of the chancellors, who should seek to give effect in letter and spirit as far as possible to the purposes and objects sought by the creator of the trust. See Code, §2336, and from §4221 to §4224, inclusive.

In so far as the rights of the after-born child are concerned, the question was ruled in the case of *Dean, executor, vs. The Central Cotton Press Company*, February term, 1880.

Judgment affirmed.