### 4258.  BURRUSS-MANLEY COMPANY *v.* LEWIS.

The evidence demanded the judgment rendered by the justice in favor of the plaintiff, and the judge of the superior court erred in sustaining the certiorari and entering up final judgment against the plaintiff.

DECIDED OCTOBER 22, 1912.

Certiorari; from Morgan superior court—Judge J. B. Park. May 11, 1912.

*M. C. Few,* for plaintiff.

*J. S. Grant, Williford & Lambert,* for defendant.

HILL, C. J. The Burruss-Manley Company brought suit on open account for $17.25 against Lewis in a justice's court, and obtained judgment. The defendant sued out a writ of certiorari, and the certiorari was sustained, and the judgment in the lower court set aside as "being contrary to law and evidence," and final judgment was entered against the plaintiff.

Burruss-Manley Company conducted a mercantile business in the town of Madison, and Lewis, the defendant, was a farmer living in the county. Lewis had an open account with the Burruss-Manley Company. He gave to Arthur Durham, who was one of his negro employees, a writing as follows: "Arthur Durham. Suit, pr. shoes, hat, and shirt. 5/16/08. C. A. Lewis." Arthur Durham presented the writing to the Burruss-Manley Company.

The Burruss-Manley Company filled the order and presented the
bill, with the writing, to Lewis, who agreed to pay it if given a
discount, but the discount was not given and he refused to pay.
The evidence shows that while Lewis had an open account with
the Burruss-Manley Company, he did not give the negro who held
the writing specific instructions to take the writing to the Burruss-
Manley Company, but did direct him to present the order to an-
other merchant in the town of Madison. The negro did present
the writing to this merchant, but could not there find the mer-
chandise to suit him, and afterwards presented it to the Burruss-
Manley Company. The negro did not know the name of the com-
pany, but on the next morning reported to his employer that he
had had the order filled, but not by the merchant to whom the
employer had directed him to go. The negro continued thereafter
to work for his employer for the remainder of the year. When the
negro told his employer that he had had the order filled, the em-
ployer did not in any way object to the fact that another merchant
had let the negro have the goods on the faith of this writing.

Under these facts we think the verdict and judgment in favor
of the Burruss-Manley Co. was right, and that the judge of the
superior court erred in sustaining the certiorari and entering up
final judgment in favor of the defendant. Pretermitting any dis-
cussion as to whether or not a writing addressed to no one was
such a paper as could be the basis of a binding obligation upon the
signer, we think, in view of the other facts in the case, that Lewis
is estopped from setting up the defense that he is not liable for the
merchandise covered by this writing. If he had intended not to
pay the bill, he could have required the employee to return the
goods on the next morning when the employee told him that he had
bought them on this writing; but, instead of this, he permitted the
negro to keep the goods, and made no objection to the fact that the
goods had been furnished by the plaintiff; and it is altogether
probable that in the final settlement with the negro for the year's
work, he held the negro liable for these goods. Besides, when the
bill was presented to him by the plaintiff, he did not at first make
the objection that the plaintiff was not authorized to furnish the
goods to the negro, but he agreed to pay the bill, provided a discount
should be given to him by the merchants. There was no apparent
reason for any discount, and certainly the refusal to give him this

discount was not a sufficient reason for him to decline to pay the
bill, if he owed it. We think the facts, which are not in dispute,
constitute an equitable estoppel against Lewis, and that he was
liable for the account, and that therefore the judgment in his favor
on certiorari was erroneous.

*Judgment reversed. Russell, J., disqualified.*