TOLAND *v.* BREWSTER, administrator.

1. An estoppel by a recital in a deed will not extend beyond the specific fact contained in the recital.
2. An estoppel by recital in a deed rests upon the postulate that it is hardly to be presumed that the parties intended that to be taken as true which is not in fact true; therefore, in order to create an estoppel, the recital in the deed must be specific.
3. The plaintiff's petition set out a cause of action for enjoining a destructive trespass by an insolvent trespasser.

NOVEMBER 11, 1915.

Equitable petition. Before Judge Edwards. Polk superior court. December 9, 1914.

J. S. Brewster brought a petition against A. A. Camp, alleging as follows: W. A. Camp, being the owner of a large plantation in Polk county, known as the John Hutchings farm, on February 24, 1890, conveyed it to his wife, Lillie M. Camp, by deed which was duly recorded on March 24, 1890. This deed contained the following clause: "Warrant as to everything except a certain deed to mineral interest in some of these lots I made to T. B. Bush sometime in December, 1889." Lillie M. Camp borrowed from the Travelers Insurance Company $11,000, and secured the loan by a deed dated April 1, 1893. Subsequently the Travelers Insurance

Company brought suit on its debt against Lillie M. Camp, who, on February 22, 1896, made a second deed to the company, conveying all the right, title, and interest she had in and to the premises, reciting her former deed to secure debt. This deed was recorded on March 3, 1896, and contained the following clause: "I warrant the title of said lands against the claims of all persons, except such mineral interest therein as may have been conveyed by former owners." Between the time of the execution of the deed to secure debt and that of the deed to the equity of redemption, there was recorded in the clerk's office, on April 1, 1895, a quitclaim deed purporting to have been made by Lillie M. Camp to John C. Merritt on March 27, 1895, to the premises, containing this clause: "It being understood that T. B. Bush of Tennessee owns all the minerals of every description, with the right of mining the same, in all these lands. I have never owned it, and this is intended as a quitclaim deed only, and carries no warranty against any person except myself, my heirs and legal representatives." There was also recorded on March 3, 1896, a deed, bearing the same date as that of the record, from John C. Merritt to Lillie M. Camp, purporting, on a consideration of $1,000, to convey the premises, "except such mineral interest as may have been deeded by former owners." Upon receiving the deed to the equity of redemption the Travelers Insurance Company entered into possession of the land, and remained in the open, continuous, peaceable, and uninterrupted possession of the same, until December 4, 1901, when it sold the same to petitioner, giving to him a bond conditioned to make him a title on payment of the balance of the purchase-money. On the day of his purchase he entered into the possession of the Hutchings farm. The Travelers Insurance Company and petitioner had no actual notice of a reservation of title to any mineral interest in any part of the land. Since petitioner's purchase A. A. Camp has entered upon the premises of petitioner, and claims a right to the mineral in lots numbers 177, 184, and 249 in the 2d district and fourth section of Polk county, being a part of the Hutchings farm, and has proceeded to excavate the earth for the purpose of mining and removing the deposits of slate and iron and other minerals on these lots. A. A. Camp claims title to the minerals on these lots from John C. Merritt; but no such deed appears on record, and petitioner charges that John C. Merritt

never had the right and title to any mineral interest therein. A. A. Camp is insolvent. The prayer is, to enjoin the alleged trespass by A. A. Camp; to cancel, as a cloud on petitioner's title, any deed which Camp may hold to the mineral interest in these lots; and for general relief. By amendment it was alleged, that since the filing of the suit Brewster had paid the full purchase-money, and received, on March 7, 1907, a deed from the Travelers Insurance Company to the premises known as the Hutchings farm; that on February 24, 1908, there was recorded in the clerk's office a deed purporting to have been made by W. A. Camp to Thomas B. Bush, on December 4, 1889, to the mineral interest in the land in controversy, but this deed was forged; that there appears on the record, as having been recorded on October 29, 1896, a deed purporting to have been made by T. B. Bush to John C. Merritt to the mineral interest in these lots, which deed also is declared to have been forged; and that W. A. Camp may have executed a deed purporting to convey the mineral interest in some of the lots about the year 1893, but such deed was never recorded, and the defendant does not claim under such deed, if it was in fact made. It was prayed that the alleged forged deeds from Camp to Bush and from Bush to Merritt be canceled. Subsequently to this amendment Paul Toland filed an application to be made a party defendant, alleging that he had succeeded to the rights and title of A. A. Camp;· and he was made a party defendant. Brewster died pending the suit, and his administrator was made a party plaintiff. Toland demurred generally and specially to the petition as amended. The demurrers were overruled, and he excepted.

W. H. Terrell, E. S. Ault, and J. S. James, for plaintiff in error.
Bunn & Trawick, contra.

EVANS, P. J. (After stating the foregoing facts.)

.1. The plaintiff is not entitled to have the alleged forged deeds canceled as a cloud upon his title, for the reason that the parties to the deeds are not parties to the action. But his petition will not be dismissed if he is entitled to prosecute the action to enjoin a destructive trespass on his property by an insolvent trespasser. It is alleged that the original defendant claimed title to the minerals by virtue of a deed from John C. Merritt, but that no such deed appears of record, and that in fact Merritt never had title to the mineral interest in the land. The plaintiff's charge is that A. A.

Camp is justifying his alleged trespass under authority from John C. Merritt. If Merritt was empowered to enter on the land and remove the minerals, he could license Camp to do the same, and that license is not necessarily required to be given by a deed or written instrument. *Gaston* v. *Gainesville &c. Railway Co.*, 120 *Ga.* 516 (4), 519 (48 S. E. 188).

The plaintiff is a purchaser from the Travelers Insurance Company, and has succeeded to the title of that corporation. The title of the insurance company, derived from Mrs. Lillie M. Camp, consists of a security deed and a deed to the equity of redemption. Mrs. Camp obtained her title from W. A. Camp, by a deed which contained this recital in the warranty clause: "Warrant as to everything except a certain deed to mineral interest in some of these lots I made to T. B. Bush sometime in December, 1889." This deed was recorded, and the insurance company, when it took its deed to secure debt from Mrs. Lillie M. Camp, was affected with notice that Mrs. Camp's grantor had previously conveyed the minerals in some of the lots to T. B. Bush in December, 1889. The records of the clerk's office of the superior court of Polk county show that on February 24, 1908, there was recorded a deed purporting to have been executed by W. A. Camp to T. B. Bush on December 4, 1889, to the mineral interest in the land, and on October 29, 1896, there was recorded a deed purporting to have been executed by T. B. Bush to John C. Merritt, conveying the minerals in the premises. Just here the question arises, how far is the plaintiff bound by the recital in the deed from W. A. Camp to Mrs. Lillie M. Camp that the former had conveyed to T. B. Bush the mineral interest in some of the lots comprising the Hutchings farm, as affecting his right to attack as forgeries the recorded deeds from W. A. Camp to T. B. Bush and from T. B. Bush to John C. Merritt, purporting to convey the mineral interest in the land in controversy?

Recitals in deeds, except payment of the purchase-money, as against the grantor acting in his own right, and sui juris, and his privies in estate, in blood, and in law, constitute an estoppel. Civil Code (1910), § 5736. A grantee who accepts a deed to the property granted is estopped to deny the truth of a recital that the grantor had previously granted an easement or interest in the property to another person. *Long* v. *Bullard*, 59 *Ga.* 355; *Setze* v. *First National Bank*, 140 *Ga.* 603, 607 (79 S. E. 540). The es-

toppel upon the grantee in such case likewise binds the grantee's privies in estate. *Simms* v. *Freiherr,* 100 *Ga.* 607 (28 S. E. 288). The recital in the deed from W. A. Camp to Lillie M. Camp estops the plaintiff from denying that W. A. Camp had previously conveyed to T. B. Bush the mineral interest in some of the lots. But estoppels are not generally favored, and an estoppel by a recital in a deed will not extend beyond the specific fact of the recital. The recital is that W. A. Camp had conveyed by deed the mineral interest in some, not all, of the lots composing the Hutchings farm, sometime in December, 1889. The plaintiff can not deny that fact; but when the defendant claims the minerals by virtue of a deed from Camp to Bush, and offers to confirm that right by virtue of a deed to the mineral interest in all the lots, the plaintiff may attack such deed as being different from that referred to in the recital. Hence the plaintiff will not be estopped from proving that the deeds from Camp to Bush and from Bush to Merritt are forgeries, for the purpose of illustrating that A. A. Camp has no title and is a trespasser.

2. It is further contended that the recital in the warranty clause of the deed from Mrs. Camp to the insurance company, conveying her equity of redemption, estops the plaintiff from denying that former owners had conveyed the mineral interest. This recital is too indefinite to operate as an estoppel against attacking any particular deed as a forgery. It is but a limitation on her warranty against prior conveyances. It specifies neither the extent of the mineral interest conveyed by former owners, nor the grantors or grantees of such conveyances. An estoppel by recital in a deed rests upon the postulate that it is hardly to be presumed that the parties intended that to be taken as true which is not in fact true; therefore, in order to create an estoppel, the recital in the deed must be specific. *Lanison v.* Wiggett, 10 C. B. 35.

3. The plaintiff's action is projected on the theory that the defendant's claim to the minerals is founded on a forged and fraudulent title. If the plaintiff be not held back by any estoppel, then he is entitled to enjoin a destructive trespass on his property by an insolvent defendant, whose sole reliance to do the act complained of is by license of a party whose deed is a forgery. In the plaintiff's attack on the deeds as forgeries, the question of notice to him, as afforded by the various recitals and records of his remote grantor's

conveyance of the mineral interest is only pertinent as bearing on the issue of forgery which he makes by his pleading. He may object to an entry upon his land for the purpose of mining it by any one except those having a right superior to his own. His allegation is that the deeds to the mineral interest, which the original defendant relies on as title, are not genuine deeds from any person under whom he claims; and upon this basis he insists that the defendant's status is that of a trespasser.

The defendant Toland was made a party at his own instance, on the allegation that he bought out the original defendant. He takes the case as he found it when he voluntarily became a party.

We have not discussed in detail some of the specifications of the demurrer, as the foregoing rulings control them.

*Judgment affirmed. All the Justices concur, except Beck, J., absent.*