26771. ANDERSON *v.* MECHANICS LOAN & SAVINGS CO.

DECIDED JUNE 30, 1938.

*Roy S. Drennan, Roland S. Neeson,* for plaintiff in error.
*Robert M. Dillard,* contra.

BROYLES, C. J. This was a suit in the municipal court of Atlanta, on a promissory note purporting to have been signed by John William Anderson as principal, and by his brother, H. H. Anderson Jr. (the defendant in this case), as guarantor. The defendant filed a plea of non est factum. After the introduction of evidence the judge, without the intervention of a jury, rendered judgment in favor of the plaintiff; and the judgment was affirmed by the appellate division of the court. The evidence is set out in the following agreed statement of facts: "T. E. Busbin testified for plaintiff: 'I am employed by the plaintiff. Dr. H. H. Anderson has been a customer of ours for sometime. He has a loan with us now. He told me that his brother, J. W. Anderson, wanted to borrow some money from us and he would indorse his note. We prepared a note for his brother to sign; but this note was subsequently not accepted, for the lack of required indorsements. He obtained another note and brought it back later (the note sued on in this case), and we let him have the money. This note got in arrears, and I called Dr. H. H. Anderson and told him that his brother's note was in default and we were going to take some action unless payments were met. Dr. H. H. Anderson told me not to take any action in the matter and he would take care of the note. He did not tell me that the note was a forgery, but did make two payments on it subsequently. He said nothing about it being a forgery until after suit was filed in this case. This is the original note brought to us by J. W. Anderson, and on which we paid the money to him. He has since left Atlanta, and we do not know of his whereabouts.' Dr. H. H. Anderson testified for himself, defendant: 'I did not sign this note, and so informed the manager of the Mechanics Loan & Savings. I did tell him that my brother J. W. Anderson wanted to borrow some money from

them, and if they would let him have it I would sign his note. He brought a note to me which I signed, but this is not the note. I did tell the Mechanics Loan & Savings Company, that if they would not take any action in the matter I would pay the note, and I did make two payments on it thereafter. My brother J. W. Anderson did go down into Rockdale County to teach school, but I do not know where he is now. I have had a loan with these people some time.' The original note sued upon was introduced, as well as other papers bearing the signature of Dr. H. H. Anderson, for comparison of signatures; and it was conceded that Dr. H. H. Anderson did not sign the note sued upon."

The agreed statement of facts shows that the defendant did not sign the note, but it does not show that his purported signature thereon was a forgery, since nothing in such statement negatives the theory that the maker of the note (the defendant's brother) may have signed the defendant's name thereon by permission of the defendant, and without an intent to defraud any one. This theory appears reasonable. The defendant had agreed to indorse a note for his brother, and did sign such note; but that note, for some reason, was not accepted by the loan company; and subsequently the note sued on and bearing the purported signatures of the defendant and his brother was presented by the brother to the loan company and accepted by it. Under the agreed statement of facts and the reasonable inferences arising therefrom, the judge was authorized to conclude that the defendant's name was written on the note by his brother (the maker of the note) without any intention on the brother's part to defraud the company or the defendant, and that the brother either had, or thought he had, authority from the defendant to do so. This being true, the brother could not legally be convicted of the offense of forgery; and it follows that the note was not a forged instrument. However, if this ruling is erroneous, and if the defendant's purported signature on the note was a forgery, then, under the facts of the case, the defendant is precluded from setting up the forgery or the want of authority of his brother to sign the defendant's name to the note. "The negotiable-instruments law (Ga. L. 1924, p. 132, sec. 23 [Code, § 14-223]), provides that 'When a signature is forged or made without the authority of the person whose signature it purports to be, it is wholly inoperative, and no right . . to enforce pay-

ment thereof against any party thereto can be acquired through or under such signature, unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority.' The word 'precluded' has been held to be synonymous with 'estopped,' and not to include ratification or adoption of the instrument or signature thereon, unless these involve also the elements of estoppel. Brannan's Neg. Inst. Law (4th ed.), 182, 183. To create such an estoppel, there must be actual injury or damage." *Beeland* v. *Clark*, 47 *Ga. App.* 77, 80 (169 S. E. 681). See also *Yarbrough* v. *Seagraves*, 47 *Ga. App.* 436 (170 S. E. 553).

In the instant case the undisputed facts show that the defendant informed the loan company that his brother desired a loan of money and that the defendant would indorse his note; that subsequently the brother brought to the company a note with the defendant's name written thereon, and obtained a sum of money; that when due payments were not made on the note, and the defendant was so notified and action threatened, he told the company that if it did not take action he would pay the note; that he did thereafter make two payments thereon; that the company, because of the defendant's promise to pay the note, withheld any action thereon; and that the brother left Atlanta and his whereabouts were unknown. The only fact in dispute is whether the defendant, before this suit was brought, informed the company that he did not sign the note. The defendant testified that he did so inform the company, while the testimony of the company was to the contrary; and of course, the court, sitting as judge and jury, was authorized to accept as true the testimony of the company. Under the evidence adduced, the court was authorized to find that the company was misled and damaged by the promise and conduct of the defendant, and to hold that he was estopped from setting up the forgery or his brother's want of authority to sign the defendant's name on the note. "What one induces another to regard as true is to be treated as the truth between them, if the party who acts has been misled to his damage by the conduct or statements of the other." *American &c. Co.* v. *Walker*, 119 *Ga.* 341 (3), 343 (46 S. E. 426); *Hood* v. *Duren*, 33 *Ga. App.* 203 (2) (125 S. E. 787). The court did not err in admitting the note in evidence, or in rendering judgment for the plain-

tiff.  *Judgment affirmed.  MacIntyre and Guerry, JJ., concur.*

MacIntyre, J., concurring specially.  I think that the judgment of affirmance should be based solely upon the doctrine of estoppel.  Code, § 14-223; *Yarbrough* v. *Seagraves*, supra.