## 27307. BRAGAN *v.* LUMBERMEN'S MUTUAL CASUALTY COMPANY *et al.*

Decided March 17, 1939. Rehearing denied April 1, 1939.

*Orabel Rabon, W. L. Stone,* for plaintiff.
*Haas, Gambrell & Gardner,* for defendant.

MacIntyre, J. This case arose as a claim for workmen's compensation filed by Mrs. Susie E. Bragan against Hardy Brothers, a partnership, and Lumbermen's Mutual Casualty Company, its compensation insurance carrier. A full hearing in the usual course was held before a single director. After hearing several witnesses on behalf of each side, the director made an award denying compensation on the ground that the death of the claimant's son did not arise out of and in the course of the employment, the deceased not having been employed or engaged in work for Hardy Brothers at the time of his death. The claimant then applied for a review by the full board, and after a regular full-board hearing the three members unanimously affirmed the award of the single director denying compensation. The case was then appealed to the superior court of Harris County, and the Honorable C. F. Mc-

Laughlin affirmed the award of the single director as affirmed by the award and order of the full board denying compensation to the claimant.

The claimant (who when hereafter referred to shall mean the deceased or the present claimant as the case may be) contends that "as specifically stated in its judgment and opinion, the decision of the Industrial Commission is based on its *finding as a matter of fact* that Bragan was not performing any services for Hardy Brothers at the time of his accident. As there was evidence to this effect, the plaintiff in error is concluded as to this *finding of fact*. It is not with the facts as the commission found them that we have any quarrel, but on the contrary *the error in the judgment lies in the commission's conclusion respecting the legal effect of the very facts they found to be true and those facts about which there was no conflict in the evidence.* In other words, the commission's 'verdict' is contrary to the evidence, and unsupported by the evidence. *The specific error is in the commission's failure to give any effect whatever to the doctrine of equitable estoppel.*"

The full board approved the single director's finding that, "as a matter of fact from the evidence in the record that while Herman Seth Bragan was on the pay roll of Hardy Brothers at the time of the accident, he was not performing any work for Hardy Brothers, and therefore his accident and subsequent death did not arise out of and in the course of his employment with Hardy Brothers." The full board, in their judgment, further stated: "It is clear under the evidence that the decedent was not on the date of the accident an employee of Hardy Brothers. Even had the relation existing between Hardy Brothers and McLean been that of master and servant instead of contractor and contractee, when the decedent left the premises of Hardy Brothers in a truck owned by McLean to drive that truck to a distant town to be used by another company, and Hardy Brothers had no interest whatsoever in this arrangement, and had given no directions for the performance of this particular work, the decedent would not have been an employee of Hardy Brothers."

Should Hardy Brothers be barred from setting up that the claimant was not his employee when in fact he was not? We think not. We find nothing in the evidence to show an express representation to the claimant by Hardy Brothers, nor does the evidence demand a

finding that it was the purpose of Hardy Brothers to mislead the claimant or that he (claimant, deceased) was in fact misled to his injury, but on the contrary, the evidence authorized a finding that their conduct was as consistent with an honest purpose as with its opposite.

Equitable estoppel is established on the "ground of promoting the equity and justice of the individual case by preventing a party from asserting his rights under a general technical rule of law, when he has so conducted himself that it would be contrary to equity and good conscience for him to allege and prove the truth." 21 C. J. 1117. In other words, the claimant says that although he is not in fact the employee of Hardy Brothers, yet Hardy Brothers should not be allowed to set up the fact that he is not their employee because of certain acts of Hardy Brothers which misled him into believing that he was an employee of theirs. In this case there is nothing to show an express, fraudulent misrepresentation by Hardy Brothers, themselves, to the claimant "and in absence of expressly proved fraud, there can be no estoppel based on the acts or conduct of the party sought to be estopped, where they are as consistent with honest purpose and with absence of negligence as with their opposites." 21 C. J. 1122, § 124. Nor did the evidence demand a finding that the claimant, relying on the acts of the defendants, did or refrained from doing acts within his power which would have saved him from loss. This then presents the questions whether the acts were such as would have misled any reasonable man, and, was the claimant in fact misled to his injury by Hardy Brothers into believing he was their employee? Was the claimant induced to refrain from using such means or taking such action as lay in his power by which he might have retrieved his position and saved himself from loss?

The evidence did not demand a finding that he was, and we must consider the evidence in its most favorable light in support of the finding of the Industrial Commission. Prior to the injury, there is no evidence that Hardy Brothers themselves expressly represented to the claimant that he was their employee, and whatever the books of the State Highway Department showed, whether the system of bookkeeping relative to the project in question was suggested or acquiesced in by Hardy Brothers, whether the system was commendable or not, whether it indicated the true nature of the facts

or not, when taken in connection with the other evidence, the evidence did not require the director to find, or rather demand a finding by him, that McLean was a superintendent of Hardy Brothers and not an independent contractor; nor did it demand a finding; whatever the contents of the books might have been, that the claimant, prior to the injury, had any knowledge or notice of anything that appeared on the books or in any communication that Hardy Brothers might have had relating to this bookkeeping. Nor does the evidence demand a finding that the claimant thought he was receiving his pay as an employee of Hardy Brothers. Hence, the evidence could not have demanded a finding that the claimant was misled about something he did not know. *Tinsley* v. *Rice,* 105 *Ga.* 285, 290 (31 S. E. 174); *Wall* v. *L. & N. Railroad Co.,* 143 *Ga.* 417, 421 (85 S. E. 325).

The next day after the alleged injury, a report was made to the Industrial Commission signed by McLean as superintendent of Hardy Brothers. About ten days thereafter an amendment to this report was filed by the insurance company and definitely set forth that the deceased, Bragan, was not an employee of Hardy Brothers. "The employer's report to the Industrial Commission as to an accident to an employee is not competent evidence in a proceeding, under the Georgia workmen's compensation act, to obtain compensation for a homicide." *Jones* v. *American Mutual Liability Ins. Co.,* 45 *Ga. App.* 392 (165 S. E. 167). "These reports shall not be used as evidence against any employer in any suit at law brought by any employee for the recovery of damages, or in any proceeding under this title." Code, § 114-704.

Under the findings of fact by the full board, we do not think that this court should say that Hardy Brothers should be estopped, that is, barred, from asserting as true what the full board has, after hearing the evidence, found was true, to wit: that the claimant was not an employee of Hardy Brothers at the time of the injury. *Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*