LATHAM *et al.* v. FOWLER *et al.*

No. 15203. JULY 6, 1945. REHEARING DENIED JULY 23, 1945.

650

J. V. *Poole* and *Thomas E. McLemore,* for plaintiffs in error.

S. T. *Allen* and *Robert B. Blackburn,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) The first special ground of the motion for new trial complains of the admission in evidence of a certified copy of a petition, which had been filed by the plaintiffs' father to sell the land in question and reinvest the proceeds, attached to which was a typewritten copy of what purported to be the alleged unrecorded deed upon which the plaintiffs rely, over the objection there was no proof that this was a correct copy of the alleged original deed, or that there had ever been a deed.

Counsel for the plaintiffs insist that in the father's petition a correct copy of the deed was attached, and that, since the petition was sworn to, this was an admission in judicio by the father and against his interest, because it was an admission on his part

that he had only a limited estate, and therefore the petition was admissible in evidence.

While the Code, § 29-113, provides the manner in which a copy may be established in the event an original deed is lost, it is also declared by statute: "The existence of a genuine original is essential to the admissibility of a copy." § 38-214. Therefore, whether there was any primary evidence relating to the existence of a genuine original deed becomes a material question.

The plaintiffs' case, as laid in their petition, depended entirely upon the existence of the alleged unrecorded deed. It was the very foundation of their case. The petition to sell and reinvest, attaching an alleged typewritten copy of an unrecorded deed, amounted at most to a representation that the petitioner held such deed. It did not establish that in fact a genuine deed had been executed. The allegation as to the existence of such a deed, being in the nature of a self-serving declaration, would not be evidence in the father's behalf; and while the admission in judicio that only a life estate had been conveyed to him might in a proper case bind him and his privies to that extent (see *Ansley* v. *Pace & Co.,* 68 *Ga.* 402; *Hamilton* v. *Williford,* 90 *Ga.* 210 (4) (15 S. E. 753); *Harris* v. *Amoskeag Lumber Co.,* 101 *Ga.* 641 (29 S. E. 302); *Coursey* v. *Coursey,* 141 *Ga.* 65 (2, 3) (80 S. E. 462); *Kirkpatrick* v. *Faw,* 184 *Ga.* 170 (2), 177, 190 S. E. 566), necessarily, if the father had no deed, he had no life estate for the reason that such estate was contingent upon the existence of a duly executed deed in his favor. Furthermore, estoppel can not be the basis of title to land, since estoppels are defensive rather than creative. *Alsobrook* v. *Taylor,* 181 *Ga.* 10 (3) (181 S. E. 182).

The petition to sell and reinvest did not constitute evidence of title in the petitioner under a deed of which the exhibit attached to the petition was a purported copy, and therefore, to authorize the introduction of an alleged copy of the deed referred to in the aforesaid pleadings of the father, it was necessary for the plaintiffs to first introduce evidence that such a genuine original deed had been duly executed to the father. Without showing possession by the father under such a deed, the plaintiffs sought to establish their title as remaindermen merely by the introduction of the aforesaid pleadings with the attached purported copy of the alleged deed to the father. With respect to the existence of a genuine original deed,

the plaintiffs testified that they had never seen the ·purported unrecorded warranty deed, and did not know of their own ·knowledge that such a deed ever existed. One witness testified: "During the last two years . . Mr. Allen asked [Mrs. Latham] with reference to this 12 acres, if she knew there was such a deed in existence made to G. W. Latham and his children, and she said she did." This testimony does not describe any particular 12 acres of land, or necessarily refer to a deed covering the entire tract of 12 acres, rather than a portion thereof. No time or date of the execution of the deed referred to is covered by the testimony, nor is any time or date fixed as to when it is claimed that Mrs. Latham knew of such a deed being in existence. It does not show that the deed was properly executed, or who executed the deed as grantor, or what interest the grantees took. Such evidence is too indefinite to properly establish the existence of the deed relied upon, and is insufficient to lay a foundation for the introduction of secondary evidence. Furthermore, it appears from the uncontradicted evidence that the source of Mrs. Latham's knowledge was not that she had seen any such deed, but on the contrary she testified that she had not done so, but had "heard of it . . in later years, but [that she] never heard of it until about three or four years ago."

A different ruling is not required by the decisions in *Beall* v. *Francis,* 163 *Ga.* 894 (2) (137 S. E. 251); *Massell Realty Co.* v. *Hanbury,* 165 *Ga.* 534 (6) (141 S. E. 653); *Haden* v. *Liberty Co.,* 183 *Ga.* 209 (2) (188 S. E. 29); *Sharp* v. *Autry,* 185 *Ga.* 160 (194 S. E. 194); Winn *v.* Patterson, 34 U. S. 663 (9 L. ed. 266), in each of which the existence of a genuine original was either not in dispute or was shown by primary evidence.

Accordingly, the trial court erred, under the proof submitted by the plaintiffs, in admitting in evidence the petition seeking to sell and reinvest.

The second special ground complains of the admission of evidence tending to show a conspiracy between the plaintiffs' father and his brother and sister to destroy the copy of the petition to sell and reinvest. Without proof of the existence of the original deed, this evidence was not admissible. The court having erred in admitting the copy of the petition to sell and reinvest, it was error to charge on declarations of a person in disparagement of his own

title, as complained of in the third special ground. As abstract principles of law, the charges referred to in the fifth and sixth special grounds seem to be without error, but, in the absence of evidence of the existence of a genuine original deed, these instructions were not properly adjusted to the evidence. The rulings complained of in the fourth, seventh, eighth, ninth, and tenth special grounds are without merit.

*Judgment reversed. Bell, C. J., Jenkins, P. J., Duckworth and Wyatt, JJ., concur.*