32238. DAVIS v. AUERBACH.

Decided January 8, 1949. Rehearing denied February 11, 1949.

*E. A. Wright, Poole, Pearce & Hall, C. E. Gregory Jr.*, for plaintiff in error.

*Charles W. Bergman, Weekes & Candler*, contra.

PARKER, J. ■ "The general rule is that an executor can not bind his testator's estate by his contracts, except such as are authorized by law or the terms of the will." *Walton v. Reid*, 148 *Ga.* 176 (96 S. E. 214). "As a general rule an executor or administrator has no authority to lease his decedent's realty, unless authorized to do so by virtue of testamentary or statutory provisions or an order of court." 33 C. J. S., Executors and Administrators, § 297, p. 1329. A provision in a will authorizing an executor to sell the property of the estate at either public or private sale, without the order of any court, and providing that "I wish such sale and distribution to be made as early after my death as the same can be done without detriment to the best interest of the legatees herein named," does not expressly authorize the executor to lease the property, and a lease made without an order of court is not valid unless ratified by the legatees and devisees under the will.

■ "The doctrine of ratification is not applicable against a person as to an act of one who did not assume to act in his name or under authority from him." *Greene v. Golucke*, 202 *Ga.* 494 (43 S. E. 2d, 497), and cit. Under the ruling in the case cited, the acceptance by the defendant of a prorated portion of the rent paid under the lease, for the month in which the trade was made, did not amount to a ratification of the lease by him; but the petition alleged enough to show ratification of the lease by the executor and the legal and equitable owners of the estate all of whom are sui juris. *Lane v. Tarver*, 153 *Ga.* 570 (113 S. E. 452).

■ Although estoppels are not generally favored (Code, § 38-114), and an estoppel can not be the basis of title to land (*Alsobrook* v. *Taylor*, 181 *Ga.* 10, 181 S. E. 182; *Latham* v. *Fowler*, 199 *Ga.* 648, 653, 34 S. E. 2d, 870), an equitable estoppel is based on the "ground of promoting the equity and justice of the individual case by preventing a party from asserting his rights under a general technical rule of law, when he has so conducted himself that it would be contrary to equity and good conscience for him to allege and prove the truth." 21 C. J., § 1117. *Bragan* v. *Lumbermen's Mut. Cas. Co.*, 59 *Ga. App.* 862, 864 (2 S. E. 2d, 189); *Frost Motor Co.* v. *Pierce*, 72 *Ga. App.* 447, 453 (33 S. E. 2d, 910). And "where the facts relied on to establish the estoppel do not unequivocally show an estoppel in pais, the jury, and not the judge, should determine whether the facts constitute such an estoppel." *Tune* v. *Beeland*, 131 *Ga.* 528 (3) (62 S. E. 976). Under the allegations of the petition setting out the long course of dealings between the executor and the plaintiff, under the lease made by the executor to the plaintiff, and the ratification and confirmation of the lease by the beneficiaries of the estate by conduct over a period of years, and by the written statement executed by them, we think the jury would be authorized to find, if the allegations are sustained by satisfactory proof, that the executor and the beneficiaries under the will would be estopped from attacking the validity of the lease. If the executor and those claiming benefits under the will are estopped from assailing the lease, the defendant as the grantee of the executor would likewise be estopped if he had full knowledge and notice of the facts from which the estoppel arose as alleged in the petition.

"Grantee is in privity with his grantor to the extent that he is bound by an estoppel in pais against the grantor if he had notice of the facts from which the estoppel arose at the time of the grant." 19 Am. Jur., Estoppel, § 158, p. 815. "An estoppel of a grantor by conduct to assert title to property extends to his grantee. . . Where a grantee at the date of his purchase knew of the existence of the facts which operate as a bar to the claim of his grantor, this knowledge will bar him; and this is the case where he has knowledge which would have put him on inquiry, such as would have led to a knowledge of the facts." 31 C. J. S.,

Estoppel, § 133, p. 401. No Georgia case directly in point has been brought to our attention. Several cases hold that an estoppel in pais, operating against a person relative to an interest in land, will not extend to his grantee who acquires the land for a valuable consideration, in good faith, and *without any notice* of the grounds of the estoppel. See *Thornton* v. *Ferguson,* 133 *Ga.* 825, 830 (67 S. E. 97, 134 Am. St. R. 226) ; *Coursey* v. *Coursey,* 141 *Ga.* 65 (80 S. E. 462) ; *Dunaway* v. *Windsor,* 197 *Ga.* 705, 709 (30 S. E. 2d, 627). As a necessary corollary to this rule we think that an estoppel in pais operating against the owner of land does extend to this grantee who purchases *with notice* of the grounds of the estoppel. "A grantee who accepts a deed to the property granted is estopped to deny the truth of a recital that the grantor had previously granted an easement or interest in the property to another person." *Toland* v. *Brewster,* 144 *Ga.* 236, 239 (86 S. E. 1089).

A lease for five years or more (as in this case) which does not by its own terms interpret the intent of the parties to pass a lesser interest will be presumed, as under the common law, to convey an estate for years. *Warehouses Inc.* v. *Wetherbee,* 203 *Ga.* 483 (46 S. E. 2d, 894). See also *Anderson* v. *Kokomo Rubber Co.,* 161 *Ga.* 842, 846 (132 S. E. 76). A lease, whether it conveys an estate for years or not, is ordinarily a conveyance of an interest in land: See the definitions of the word "Conveyance" under "Lease" in 24 Words and Phrases, Perm. Ed. "If, after notice that another has made a contract for the purchase of land, a third person cuts in, buys it, and takes a conveyance, such person stands in the place of his vendor; and a court of equity, if it would decree a specific performance of the contract against the latter, will render a like decree against the former." *Grooms* v. *Grooms,* 141 *Ga.* 478 (81 S. E. 210), and cit; *Collier* v. *Moore,* 31 *Ga. App.* 227 (120 S. E. 441).

As against a general demurrer the well-pleaded allegations of fact in the petition will be taken as true. *Pray* v. *Pace,* 16 *Ga. App.* 389 (85 S. E. 452). Under these allegations the lease is valid as between the plaintiff and the executor and heirs of the estate. The defendant purchased with full knowledge of the lease, after being told that it "would have to be recognized by the purchaser," and after he had "agreed to take subject to the

lease," according to the allegations of the petition, and we think that the doctrine of estoppel in pais or by conduct would extend to and operate against the defendant under the well-pleaded facts as set forth in the petition. For these reasons the court erred in sustaining the general demurrer.

■ The petition stated a case for the application of the declaratory judgments law under the ruling in *Greene* v. *Golucke*, supra.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*

FELTON, J., concurring specially. I concur in the judgment for the reason that under the allegations of the petition the defendant purchaser would be estopped to contend that the lease is invalid as between him and the executor, and as the plaintiff tenant is in privity by contract with the executor, the defendant is also estopped to deny the validity of the lease in a contest with the plaintiff tenant.