35321.  MYLIUS *v*. MYLIUS.

DECIDED OCTOBER 25, 1954.

*Sam G. Dettelbach,* for plaintiff in error.

*Howard, Howard, Slaton & Holt,* contra.

GARDNER, P. J. ■ We will deal first with the special grounds, since the overruling of these special grounds to a large extent clarifies, if it does not wipe out, the contentions of the defendant on the general grounds. We have heretofore set out in full the special grounds and in our opinion they speak for themselves to the following effect: Special ground 1 (numbered special ground 5 by counsel for the defendant) does not show that any evidence was tendered by the defendant and, if so tendered, what it consisted of and what ruling was made thereon and how such ruling affected said case.

Special ground 2 (numbered 6) fails to show what evidence was offered, if any, the court's ruling thereon, the perfection of the record and how it would benefit the complaining parties.

Special ground 3 (numbered 7) fails to show that evidence was offered, the court's ruling, the statement made as to answer expected, and how such evidence would benefit the defendant.

Special ground 4 (numbered 8) fails to show what evidence was offered, if any, the court's ruling thereon, what the answer would have been and how it would benefit the defendant.

Special ground 5 (numbered 9) fails to show what evidence was offered, if any, the court's ruling thereon, what the answer would have been, and how it would benefit the defendant.

Special ground 6 (numbered 10) fails to show what evidence the defendant offered, the court's ruling thereon, what the answers would have been, how same was material, and in what manner the testimony would be beneficial to the defendant.

Special ground 7 (numbered 11) fails to show what evidence the defendant offered, the court's rulings thereon, how same was material, what the answer would have been, and how same would be to the defendant's benefit.

The special grounds are incomplete and insufficient within

themselves, and therefore are not considered by this court. See *Barron* v. *Barron*, 185 *Ga.* 346 (194 S. E. 905), and citations therein. The court did not err insofar as this record is concerned in denying the amended motion for a new trial.

■ We will now consider the general grounds. The case of *Ford* v. *Ford*, 203 *Ga.* 681 (47 S. E. 2d 865) holds: "'The grounds of the motion for new trial, as amended, in substance state that the verdict was contrary to law, against the weight of the evidence, and contrary to law and to the principles of justice and equity. None of the grounds raises the point that the direction of the verdict was erroneous because there were questions of fact which should have been submitted to the jury. It follows that no such question is presented here for decision, and the judgment of the trial court must be affirmed, since the verdict, as directed, is not without evidence to support it. *Hightower* v. *Hightower*, 159 *Ga.* 769 (9) (127 S. E. 103) ; *Gilliard* v. *Johnston & Miller*, 161 *Ga.* 17 (129 S. E. 434) ; *Morris* v. *First National Bank of Vidalia*, 174 *Ga.* 848 (164 S. E. 200) .'" No special point has been raised in this case by any special grounds. This leaves us with the sole question: is there any evidence to support the verdict? If there is (and we hold that there is), we are without authority to disturb the verdict as to the general grounds. The defendant in this connection calls our attention to Code § 30-217, which reads: "The subsequent voluntary cohabitation of the husband and wife shall annul and set aside all provision made, either by deed or decree, for permanent alimony. The rights of children under any deed of separation or voluntary provisions or decree for alimony shall not be affected thereby."

The defendant contends that the cohabitation of the plaintiff and the defendant voided the final decree for alimony. This question is not properly before us. See ruling regarding the special grounds.

As to the proposition concerning the rescission of the agreement, argued by the defendant, the rule is that, while a contract remains executory on both sides, an agreement to annul on one side is a sufficient consideration for the agreement to annul on the other side. Where a contract has been partly executed on one side, other consideration is necessary. We have before us here an executed contract on the part of the plaintiff which

leaves liability on the defendant. He cannot be relieved in the absence of consideration on his part. This record reveals no consideration to sustain the contentions of the defendant. Our attention is called by the defendant to *Dyal* v. *Dyal*, 65 *Ga. App.* 359 (16 S. E. 2d 53). That case has no application to the facts of the instant case, nor do the following cases apply: *Smith* v. *Folsom*, 190 *Ga.* 460, 472 (9 S. E. 2d 824); *Bragan* v. *Lumbermen's Mutual Cas. Co.*, 59 *Ga. App.* 862 (2 S. E. 2d 189); *Anderson* v. *Mechanics Loan &c. Co.*, 58 *Ga. App.* 147 (198 S. E. 87); *Smith & Jones*, 185 *Ga.* 236 (194 S. E. 556); *Osborn* v. *Elder*, 65 *Ga.* 360, 364; *Burruss-Manley Co.* v. *Lewis*, 11 *Ga. App.* 731 (76 S. E. 70); *Sovereign Camp W.O.W.* v. *Heflin*, 59 *Ga. App.* 299, 304 (200 S. E. 489); *U. S. Casualty Co.* v. *Smith*, 34 *Ga. App.* 363, 367 (129 S. E. 880); *Chandler* v. *Griffin*, 132 *Ga.* 847 (65 S. E. 128); *Hamby* v. *Pye*, 195 *Ga.* 366 (24 S. E. 2d 201).

The court did not err in denying the motion for a new trial on either the general or the special grounds.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*